# EXHIBIT A

## [Part 2]



Shaun H. Crosner (SBN 259065)
SCrosner@McGuireWoods.com
Craig M. Hirsch (SBN 258906)
CHirsch@McGuireWoods.com
L. Noelle Malindzak (SBN 335622)
NMalindzak@McGuireWoods.com
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/01/2025 1:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SURFACE WAREHOUSE, LP,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; AMERICAN ECONOMY INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; THE OHIO CASUALTY INSURANCE COMPANY; AND DOES 1-50.<br><br>                Defendants. | Case No.  25STCV09497<br><br>**COMPLAINT FOR DECLARATORY RELIEF; BREACH OF CONTRACT; ANTICIPATORY BREACH OF CONTRACT; AND TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Surface Warehouse, LP, doing business as US Surfaces ("US Surfaces"),

complains of Defendants The Charter Oak Fire Insurance Company ("Charter Oak"); Travelers

Property Casualty Company of America ("Travelers Property" and, along with Charter Oak,

"Travelers"); American Economy Insurance Company ("American Economy"); West American

Insurance Company ("West American"); American States Insurance Company ("American

States"); and The Ohio Casualty Insurance Company ("Ohio Casualty" and, along with American Economy, West American, and American States, "Liberty Mutual") and alleges as follows:

## NATURE OF THIS LAWSUIT

1.      This is a lawsuit by US Surfaces to collect promised insurance coverage under primary and excess/umbrella commercial general liability insurance policies issued by Defendants Travelers and Liberty Mutual (collectively, the "Insurers").  US Surfaces has been named as a defendant in more than 125 underlying lawsuits alleging bodily injuries purportedly resulting from exposure to harmful substances in US Surfaces' products.  Almost all of these underlying lawsuits are presently pending in California state courts, and the majority of them are pending here in Los Angeles Superior Court.

2.      Each of these underlying lawsuits triggers the Insurers' broad duties under their respective commercial general liability policies.  However, contrary to the terms of their policies and the law, certain of the Insurers have wrongfully failed to honor or refused to acknowledge the full extent of their duties.  In refusing to honor and acknowledge their obligations, these Insurers are consciously depriving US Surfaces of the financial security and the benefits of the policies, breaching the policies, and acting in bad faith.  As a result of these Insurers' breaches, anticipatory breaches, and bad faith, US Surfaces has been damaged and has been forced to bring this lawsuit to obtain the benefits promised it under the policies.

3.      Through this lawsuit, US Surfaces seeks declaratory relief to confirm its right to insurance coverage under the policies issued by the Insurers and to confirm the Insurers' respective obligations in connection with the underlying litigation.  US Surfaces also seeks to recover damages it has suffered, and continues to suffer, as a result of the contractual breaches and bad faith conduct of certain of the Insurers.

## THE PARTIES

4.      US Surfaces is a Texas limited partnership with its principal place of business in Austin, Texas.  Since 2007, US Surfaces has been in the business of marketing and distributing premium quality, cost-effective building products to both residential and commercial customers. US Surfaces creates, markets, and distributes solid-surface sheets and quartz slabs.  It operates

through numerous warehouses throughout the country, including a warehouse in Los Angeles County that serves customers in the region.

5.      Upon information and belief, Charter Oak is an entity organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

6.      Upon information and belief, Travelers Property is an entity organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

7.      Upon information and belief, American Economy is an entity organized and existing under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts.

8.      Upon information and belief, West American is an entity organized and existing under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts.

9.      Upon information and belief, American States is an entity organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

10.      Upon information and belief, Ohio Casualty is an entity organized and existing under the laws of the State of New Hampshire, with its principal place of business in Boston, Massachusetts.

11.      Upon information and belief, at all times relevant hereto, each of the Insurers was licensed to transact business, and was doing and transacting business, in the State of California and Los Angeles County.

12.      US Surfaces is ignorant of the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of the defendants fictitiously designated herein as Does 1 through 50, and therefore sues those defendants by these fictitious names.  US Surfaces will seek leave of court to amend this complaint when the true names and capacities of these fictitiously designated defendants have been ascertained.  US Surfaces is informed and believes, and on that basis alleges, that Does 1 through 50, in some way unknown to US Surfaces, have underwritten or provided insurance coverage to it, or are otherwise responsible for losses alleged

3

herein, and that Does 1 through 50 are authorized to, and do, transact insurance business in the State of California and Los Angeles County.

## THE POLICIES

13.    US Surfaces is insured under a series of primary and excess/umbrella commercial general liability insurance policies issued by the Insurers between at least September 1, 2011, and the present (each a "Policy" and, collectively, the "Policies"). Each Policy is described in greater detail in the following paragraphs.

14.    For the September 1, 2011, to September 1, 2012, policy period, American Economy issued Policy number 02-CE-224117-1 (the "2011-12 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2011-12 Policy provides a $2,000,000 General Aggregate Limit of coverage.

15.    For the September 1, 2012, to September 1, 2013, policy period, American Economy issued Policy number 02-CE-224117-2 (the "2012-13 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2012-13 Policy provides a $2,000,000 General Aggregate Limit of coverage.

16.    For the September 1, 2012, to September 1, 2013, policy period, American Economy issued Policy 01-SU-428748-10 (the "2012-13 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $2,000,000 Each Occurrence Limit, the 2012-13 Umbrella Policy provides a $2,000,000 Aggregate Limit of coverage.

17.    For the September 1, 2013, to September 1, 2014, policy period, American Economy issued Policy number 02-CE-224117-3 (the "2013-14 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2013-14 Policy provides a $2,000,000 General Aggregate Limit of coverage.

18.    For the September 1, 2013, to September 1, 2014, policy period, American Economy issued Policy 01-SU-428748-20 (the "2013-14 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $2,000,000 Each Occurrence Limit, the 2013-14 Umbrella Policy provides a $2,000,000 Aggregate Limit of coverage.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

19.     For the September 1, 2014, to September 1, 2015, policy period, American Economy issued Policy number 02-CE-224117-4 (the "2014-15 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2014-15 Policy provides a $2,000,000 General Aggregate Limit of coverage.

20.     For the September 1, 2014, to September 1, 2015, policy period, American Economy issued Policy 01-SU-428748-30 (the "2014-15 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention and a $2,000,000 Each Occurrence Limit, the 2014-15 Umbrella Policy provides a $2,000,000 Aggregate Limit of coverage.

21.     For the September 1, 2015, to September 1, 2016, policy period, American Economy issued Policy number 02-CE-224117-5 (the "2015-16 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2015-16 Policy provides a $2,000,000 General Aggregate Limit of coverage.

22.     For the September 1, 2015, to September 1, 2016, policy period, American Economy issued Policy 01-SU-428748-40 (the "2015-16 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention and a $2,000,000 Each Occurrence Limit, the 2015-16 Umbrella Policy provides a $2,000,000 Aggregate Limit of coverage.

23.     For the September 1, 2016, to September 1, 2017, policy period, American States issued Policy 02-CE-224117-6 (the "2016-17 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2016-17 Policy provides a $2,000,000 General Aggregate Limit of coverage.

24.     For the September 1, 2016, to September 1, 2017, policy period, American States issued Policy 01-SU-428748-50 (the "2016-17 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention and a $2,000,000 Each Occurrence Limit, the 2016-17 Umbrella Policy provides a $2,000,000 Aggregate Limit of coverage.

25.     For the September 1, 2017, to September 1, 2018, policy period, West American issued Policy BKW-(18)-58-04-01-20 (the "2017-18 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2017-18 Policy provides a $2,000,000 General Aggregate Limit of coverage.

26.    For the September 1, 2017, to September 1, 2018, policy period, Ohio Casualty issued Policy USO-(18)-58-04-01-20 (the "2017-18 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $4,000,000 Each Occurrence Limit, the 2017-18 Umbrella Policy provides a $4,000,000 Aggregate Limit of coverage.

27.    For the September 1, 2018, to September 1, 2019, policy period, West American issued Policy BKW-(19)-58-04-01-20 (the "2018-19 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2018-19 Policy provides a $2,000,000 General Aggregate Limit of coverage.

28.    For the September 1, 2018, to September 1, 2019, policy period, Ohio Casualty issued Policy USO-(19)-58-04-01-20 (the "2018-19 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $4,000,000 Each Occurrence Limit, the 2018-19 Umbrella Policy provides a $4,000,000 Aggregate Limit of coverage.

29.    For the September 1, 2019, to September 1, 2020, policy period, West American issued Policy BKW-(20)-58-04-01-20 (the "2019-20 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2019-20 Policy provides a $2,000,000 General Aggregate Limit of coverage.

30.    For the September 1, 2019, to September 1, 2020, policy period, Ohio Casualty issued Policy USO-(20)-58-04-01-20 (the "2019-20 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $4,000,000 Each Occurrence Limit, the 2019-20 Umbrella Policy provides a $4,000,000 Aggregate Limit of coverage.

31.    For the September 1, 2020, to March 27, 2021, policy period, West American issued Policy BKW-(21)-61-82-49-14 (the "2020-21 Policy"). Subject to a $1,000,000 Each Occurrence Limit, the 2020-21 Policy provides a $2,000,000 General Aggregate Limit of coverage.

32.    For the September 1, 2020, to March 27, 2021, policy period, Ohio Casualty issued Policy USO-(21)-61-82-49-14 (the "2020-21 Umbrella Policy"). Subject to a $10,000 Self-Insured Retention and a $4,000,000 Each Occurrence Limit, the 2020-21 Umbrella Policy provides a $4,000,000 Aggregate Limit of coverage.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

33.    For the March 27, 2021, to March 27, 2022, policy period, Charter Oak issued Policy Y-630-9R389647-COF-21 (the "2021-22 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2021-22 Policy provides a $2,000,000 General Aggregate Limit of coverage.

34.    For the March 27, 2021, to March 27, 2022, policy period, Travelers Property issued Policy CUP-0S079756-21-14 (the "2021-22 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention, the 2021-22 Umbrella Policy provides a $10,000,000 Occurrence Limit and a $10,000,000 General Aggregate Limit of coverage.

35.    For the March 27, 2022, to March 27, 2023, policy period, Charter Oak issued Policy Y-630-9R389647-COF-22 (the "2022-23 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2022-23 Policy provides a $2,000,000 General Aggregate Limit of coverage.

36.    For the March 27, 2022, to March 27, 2023, policy period, Travelers Property issued Policy CUP-0S079756-22-14 (the "2022-23 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention, the 2022-23 Umbrella Policy provides a $10,000,000 Occurrence Limit and a $10,000,000 General Aggregate Limit of coverage.

37.    For the March 27, 2023, to March 27, 2024, policy period, Charter Oak issued Policy Y-630-9R389647-COF-23 (the "2023-24 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2023-24 Policy provides a $2,000,000 General Aggregate Limit of coverage.

38.    For the March 27, 2023, to March 27, 2024, policy period, Travelers Property issued Policy CUP-0S079756-23-14 (the "2023-24 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention, the 2023-24 Umbrella Policy provides a $10,000,000 Occurrence Limit and a $10,000,000 General Aggregate Limit of coverage.

39.    For the March 27, 2024, to March 27, 2025, policy period, Charter Oak issued Policy Y22-630-9R389647-COF-24 (the "2024-25 Policy").  Subject to a $1,000,000 Each Occurrence Limit, the 2024-25 Policy provides a $2,000,000 General Aggregate Limit of coverage.

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

40.     For the March 27, 2024, to March 27, 2025, policy period, Travelers Property issued Policy CUP-0S079756-24-14 (the "2024-25 Umbrella Policy").  Subject to a $10,000 Self-Insured Retention, the 2024-25 Umbrella Policy provides a $10,000,000 Occurrence Limit and a $10,000,000 General Aggregate Limit of coverage.

41.     On information and belief, subject to satisfaction of any applicable deductible(s) or retention(s) and policy limits, each Policy obligates the issuing Insurer to pay all sums US Surfaces becomes legally obligated to pay as damages because of "bodily injury" that occurs during the Policy's policy period and that is caused by an "occurrence."

42.     On information and belief, each Policy also requires the issuing Insurer to defend US Surfaces or pay US Surfaces' defense costs in connection with any covered or potentially covered lawsuit seeking damages because of "bodily injury" that occurs during the Policy's policy period and that is caused by an "occurrence."

43.     On information and belief, the Policies generally define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

44.     On information and belief, the Policies generally define "bodily injury" to mean "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time."

45.     US Surfaces is an Insured, a Named Insured, or an Additional Insured, or is otherwise entitled to coverage, under each of the Policies.

**THE UNDERLYING LAWSUITS**

46.     Since 2022, US Surfaces has been named a defendant in more than 125 lawsuits alleging bodily injuries purportedly resulting from exposure to silica, metals, dusts, and other harmful substances present in products created, marketed, and/or distributed by US Surfaces (each an "Underlying Lawsuit" and, collectively, the "Underlying Lawsuits" or the "Underlying Litigation").  Attached as Exhibit A and incorporated herein by reference is a chart identifying each of the Underlying Lawsuits.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

47.    The plaintiffs in the Underlying Lawsuits allege that they and/or their loved ones were exposed to silica, metals, dusts, and other harmful substances while cutting, grinding, installing, or otherwise working with US Surfaces' products.  The plaintiffs in the Underlying Lawsuits allege exposure to these substances, and resulting bodily injuries, over a range of years, with some underlying plaintiffs alleging exposures as early as the 1980s.  Each of the plaintiffs in the Underlying Lawsuits alleges bodily injuries resulting from exposure to these substances during the policy period of one or more of the Policies.

48.    As of the date of this Complaint, there are 129 Underlying Lawsuits pending.  US Surfaces remains a defendant in 128 of the Underlying Lawsuits.  Of these 128 lawsuits, 127 are pending in California state court, with the majority pending here in Los Angeles Superior Court.

49.    In or about July 2024, US Surfaces reached a confidential settlement with the plaintiff in the Underlying Lawsuit titled *Reyes-Gonzalez v. Aaroha Radiant Marble & Granite Slabs, et al.*, Case No. 22STCV31907, in Los Angeles Superior Court (the "*Reyes-Gonzalez* Lawsuit").  Following this settlement, US Surfaces was dismissed as a defendant in the *Reyes-Gonzalez* Lawsuit.

50.    In or about February 2025, US Surfaces reached a confidential settlement with the plaintiff in the Underlying Lawsuit titled *Solano-Claustro, Wendy (WD Garcia-Leon, Jose)*, Case No. 23STCV11602, in Los Angeles Superior Court (the "*Solano-Claustro* Lawsuit").  In light of this settlement, US Surfaces anticipates being dismissed as a defendant in the *Solano-Claustro* Lawsuit in the coming weeks.

51.    In or about February 2025, US Surfaces reached a confidential settlement with the plaintiff in the Underlying Lawsuit titled *Garcia-Rosas, Rodolfo & Llamas, Alma*, Case No. 22STCV39957, in Los Angeles Superior Court (the "*Garcia-Rosas* Lawsuit").  In light of this settlement, US Surfaces anticipates being dismissed as a defendant in the *Garcia-Rosas* Lawsuit in the coming weeks.

52.    With the exception of the *Reyes-Gonzalez* Lawsuit, the *Solano-Claustro* Lawsuit, and the *Garcia-Rosas* Lawsuit, US Surfaces remains a defendant in each of the Underlying Lawsuits.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

53.    To the extent US Surfaces is named as a defendant in additional lawsuits containing similar allegations to those asserted in the Underlying Lawsuits, US Surfaces reserves its right to supplement this Complaint to confirm the Insurers' coverage obligations with respect to such additional lawsuits.

### THE INSURERS' BREACHES AND BAD FAITH CONDUCT

54.    Each of the Underlying Lawsuits seek damages for covered or potentially covered "bodily injuries" caused by an "occurrence" as those terms are used and defined in the Policies.

55.    The Policies impose on each Insurer a duty to defend US Surfaces or pay US Surfaces' defense costs for covered or potentially covered bodily injuries that occurred during the policy periods and that are caused by an occurrence. The Policies also impose on each Insurer the duty to indemnify US Surfaces for settlements or judgments that US Surfaces becomes legally obligated to pay as damages for bodily injuries covered by the Policies.

56.    Because each of the Underlying Lawsuits is covered or potentially covered under one or more of the Policies, US Surfaces timely sought coverage—including a defense and indemnity—for each of the Underlying Lawsuits from the relevant Insurers covering the time periods implicated by each such Underlying Lawsuit.

57.    Although to date US Surfaces has received a defense from one or more of the Insurers in each of the Underlying Lawsuits, the Insurers have reserved their purported rights as to their future obligations—including with respect to their duties to indemnify US Surfaces in connection with settlements or judgments in the Underlying Litigation.

58.    Specifically, certain of the Insurers incorrectly have reserved rights and relied on so-called "silica exclusions" in certain of the Policies. Although these exclusions purport to bar coverage for certain bodily injuries caused by ingestion of or exposure to silica or products containing silica, they do not apply to injuries that were not caused by exposure to silica, products containing silica, or any other excluded subject matter—and, accordingly, they do not bar or limit coverage for any of the Underlying Lawsuits.

59.    Furthermore, in recent weeks, Travelers has failed and refused to honor its obligations to US Surfaces.  In letters dated February 19 and March 25, 2025, Travelers asserted

**COMPLAINT AND DEMAND FOR JURY TRIAL**

that all of the Underlying Lawsuits involve a single "occurrence." Travelers further asserted that once it paid the $1,000,000 Each Occurrence Limit under the primary policies issued by Charter Oak, Travelers would have no further obligations under the Charter Oak primary policies.

60.    Travelers' incorrect positions, as articulated in its February 19 and March 25, 2025, letters and subsequent communications, constitute breaches of the Charter Oak primary policies. Each of the Underlying Lawsuits alleges exposure of different underlying plaintiffs to different US Surfaces products at different points in time, for different durations, and with different resulting injuries. Accordingly, Travelers' position that all of the Underlying Lawsuits involve a single "occurrence" subject to a single "Each Occurrence Limit" is incorrect and constitutes a breach of Charter Oak's contractual obligations.

61.    Furthermore, Travelers has also asserted—again, incorrectly, and without any legal or factual basis—that Texas law and pro rata allocation rules require that US Surfaces contribute to any future settlements or judgments in the Underlying Litigation. However, none of the Underlying Lawsuits are pending in Texas. Accordingly, contrary to the positions taken by Travelers, Texas law does not govern the interpretation of any of the Policies, and pro rata allocation principles have no bearing on US Surfaces' rights with respect to coverage for the Underlying Lawsuits.

62.    US Surfaces is entitled to full coverage, including a complete defense and indemnity, under one or more of the Policies for each of the Underlying Lawsuits. US Surfaces disputes that it is obligated to contribute to any settlement or judgment in the Underlying Lawsuits, all of which are covered or potentially covered under one or more of the Policies. Indeed, the Policies obligate the Insurers to pay **all sums** that US Surfaces becomes legally obligated to pay as "damages" because of "bodily injury" that occurs during the policy periods covered by the Policies implicated by a particular Underlying Lawsuit. Therefore, subject to policy limits and the satisfaction of any applicable retention(s) or deductible(s), US Surfaces is entitled to full coverage for any settlement or judgment in the Underlying Lawsuits that is covered under one or more of the Policies. The contrary assertions of at least some of the Insurers are

1  incorrect in light of California law and other governing authority, the facts, and insurance industry

2  custom and practice.

3      63.    To the extent not waived or otherwise excused, US Surfaces has complied with all

4  terms and conditions precedent in the Policies.  Therefore, US Surfaces is entitled to all benefits of

5  the insurance provided by the Policies.

6                              **FIRST CAUSE OF ACTION**

7                                  ***Declaratory Relief***

8                                **(Against All Insurers)**

9      64.    US Surfaces realleges and incorporates by reference paragraphs 1 through 63,

10  above.

11      65.    An actual and justiciable controversy exists between US Surfaces and the Insurers.

12      66.    Specifically, US Surfaces contends that it is entitled to full coverage for each

13  Underlying Lawsuit, including both a defense and indemnity for any settlement or judgment

14  therein, from one or more Insurers under one or more of the Policies, subject only to the

15  applicability of any retention(s), deductible(s), or limits of the applicable Policies.

16      67.    US Surfaces further contends that, as to each Underlying Lawsuit, one or more of

17  the Insurers are obligated to provide US Surfaces with a full defense and pay all reasonable and

18  necessary defense fees and costs, without any contribution from US Surfaces.

19      68.    US Surfaces also contends that, contrary to positions taken by Travelers, Texas law

20  and pro rata allocation principles have no bearing on the parties' respective rights and obligations

21  with respect to coverage for the Underlying Lawsuits.  Indeed, pursuant to California law and

22  other governing authority, subject to policy limits and the satisfaction of any applicable

23  retention(s) or deductible(s), US Surfaces is entitled to full coverage for any settlement or

24  judgment in the Underlying Lawsuits that is covered under one or more of the Policies.  Therefore,

25  other than being responsible for satisfaction of any applicable retention(s) or deductible(s), US

26  Surfaces has no obligation to contribute to any settlement or judgment in the Underlying Lawsuits.

27      69.    US Surfaces is informed and believes, and on that basis alleges, that some or all of

28  the Insurers dispute US Surfaces' contentions as stated herein.

12

**COMPLAINT AND DEMAND FOR JURY TRIAL**

70.    Therefore, declaratory relief is necessary to determine US Surfaces' rights under the Policies.  Specifically, US Surfaces seeks a judicial declaration confirming that (1) US Surfaces is entitled to full coverage, including a defense and indemnity, for each of the Underlying Lawsuits; (2) one or more of the Insurers is obligated to defend US Surfaces in each of the Underlying Lawsuits and pay the full cost of such defense, without any contribution from US Surfaces; (3) neither Texas law nor any pro rata allocation principles govern the parties' rights and obligations with respect to coverage for the Underlying Lawsuits; and (4) so long as there are sufficient limits available under one or more of the Policies covering a particular Underlying Lawsuit, and so long as US Surfaces has satisfied any applicable deductible(s) or retention(s), US Surfaces has no obligation to contribute to any settlement or judgment in that lawsuit.

## SECOND CAUSE OF ACTION

### *Breach of Contract*

### **(Against Travelers)**

71.    US Surfaces realleges and incorporates by reference paragraphs 1 through 63, above.

72.    Implied in each of the Policies issued by Travelers is a covenant that Travelers would act in good faith and deal fairly with US Surfaces, would do nothing to interfere with US Surfaces' right to receive the benefits due under the Policies issued by Travelers, and would give at least the same level of consideration to US Surfaces' interests as it gave to its own interests.

73.    Travelers also had a duty under its Policies, the law, and insurance industry custom and practice to promptly conduct a full and thorough investigation, including all bases that might support US Surfaces' claim for coverage.

74.    Travelers breached its duties under its Policies by, among other things,

    a)  asserting that all of the Underlying Lawsuits concern a single "occurrence";

    b)  purporting to unilaterally limit its obligations to a single "Each Occurrence Limit" of $1,000,000;

13

**COMPLAINT AND DEMAND FOR JURY TRIAL**

c) invoking Texas law, which does not govern, and inapplicable pro rata allocation principles to demand that US Surfaces contribute to future settlements and judgments in the Underlying Litigation;

d) asserting grounds for disputing coverage that Travelers knows are not supported by, and are contrary to, the terms of the policies issued by Travelers, the law, insurance industry custom and practice, and the facts;

e) failing to conduct an adequate investigation of US Surfaces' claim for coverage, and asserting grounds for disputing coverage based on its inadequate investigation;

f) failing to fully inquire into possible bases that might support coverage for the Underlying Litigation;

g) giving greater consideration to its own interests than US Surfaces' interests; and

h) otherwise acting as alleged above.

75.    As a result of Travelers' contractual breaches, US Surfaces has suffered damages in an amount to be determined at trial, plus interest at the legal rate.  US Surfaces continues to suffer damages because of the contractual breaches of Travelers and will seek leave to amend this Complaint once it ascertains the full extent of its damages.

## **THIRD CAUSE OF ACTION**

### ***Anticipatory Breach of Contract***

### **(Against Travelers)**

76.    US Surfaces realleges and incorporates by reference paragraphs 1 through 63 and 72 through 74, above.

77.    By acting as alleged above and asserting that the Underlying Litigation concerns one "occurrence," and by asserting that its obligations under the policies issued by Charter Oak are limited to a single $1,000,000 "Each Occurrence Limit," Travelers has clearly stated that it will not meet or perform its future indemnity obligations under its Policies.

78.    Travelers has further indicated that it will not meet or perform its future indemnity obligations under its Policies by invoking Texas law, relying on inapplicable pro rata allocation

14

principles adopted by some courts, and by insisting that US Surfaces contribute to future settlements or judgments in the Underlying Litigation.

79.     Travelers has taken these incorrect positions even though US Surfaces has been and remains willing to perform any obligations that it might have under the Policies issued by Travelers, to the extent not waived or excused.

80.     Therefore, to the extent that any of the respective acts and failures to act of Travelers do not constitute a breach of its Policies, they constitute an anticipatory breach of its Policies.

81.     As a direct and proximate result of these acts and failures to act, US Surfaces has sustained, and will continue to sustain, damages in an amount in excess of this Court's jurisdictional limit to be proven at trial.  US Surfaces will seek leave to amend this Complaint once it ascertains the full extent of its damages.

## FOURTH CAUSE OF ACTION

### *Tortious Breach of the Duty of Good Faith and Fair Dealing*

### (Against Travelers)

82.     US Surfaces realleges and incorporates by reference paragraphs 1 through 63, 72 through 74, and 77 through 80, above.

83.     Implied in the Policies issued by Travelers is a covenant that Travelers will act in good faith and deal fairly with US Surfaces, that it would do nothing to interfere with US Surfaces' right to receive the benefits due under its Policies, and that it would give at least the same level of consideration to US Surfaces' interests as it gives its own interests.

84.     Travelers also has a duty under the Policies issued by Travelers, the law, and insurance industry custom, practice, and standards to promptly conduct a full and thorough investigation, including all bases that might support US Surfaces' claims for coverage.

85.     Travelers also has a duty under its Policies, the law, and insurance industry custom, practice, and standards to honor the terms of insurance promised under its Policies.

86.     Instead of complying with these duties, Travelers acted in bad faith by, among other things,

a) asserting grounds for disputing coverage that they know are not supported by, and are contrary to, the terms of its Policies, the law, insurance industry custom and practice, the parties' course of dealings, and the facts;

b) failing to conduct an adequate investigation into US Surfaces' claims for coverage, and asserting grounds for disputing coverage based on its inadequate investigation;

c) unreasonably failing and refusing to honor its promises and representations;

d) giving greater consideration to its own interests than US Surfaces' interests; and

e) otherwise acting as alleged above.

87. In breach of the implied covenant of good faith and fair dealing, Travelers committed the acts alleged above for the purpose of knowingly withholding from US Surfaces the rights and benefits to which it is and was entitled under the Policies issued by Travelers.

88. The acts of Travelers are inconsistent with US Surfaces' reasonable expectations, are contrary to established industry custom and practice, are contrary to the express and implied terms of the Policies, and constitute bad faith.

89. As a direct and proximate result of Travelers' breaches of the implied covenant of good faith and fair dealing, US Surfaces has sustained, and continues to sustain, damages in an amount in excess of this Court's jurisdictional limit to be proven at trial. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), US Surfaces is entitled to recover all attorneys' fees that it has reasonably incurred, and continues to incur, in its efforts to obtain the benefits due under the Policies that Travelers wrongfully has withheld, and is withholding, in bad faith. US Surfaces is entitled to interest thereon at the maximum legal rate. US Surfaces continues to suffer damages because of the bad faith conduct of Travelers and will seek to amend this Complaint once it ascertains the full extent of its damages.

90. US Surfaces is informed and believes, and on that basis alleges, that Travelers — acting through one or more of its respective officers, directors, or other corporate employees with substantial independent and discretionary authority over significant aspects of the Travelers respective businesses—performed, authorized, and/or ratified the bad faith conduct alleged above.

91.    The conduct of Travelers is contemptible and has been done with a conscious disregard of US Surfaces' rights, constituting oppression, fraud, and/or malice. Travelers has engaged in a series of acts designed to deny US Surfaces of the benefits due under its Policies. Specifically, Travelers, by acting as alleged above, consciously disregarded US Surfaces' rights and forced US Surfaces to incur substantial financial losses, thereby inflicting substantial financial damage on US Surfaces. Travelers ignored US Surfaces' interests and concerns with the requisite intent to injure within the meaning of California Civil Code section 3294. Therefore, US Surfaces is entitled to recover punitive damages from Travelers in an amount sufficient to punish and make an example of it and to deter similar conduct in the future.

## FIFTH CAUSE OF ACTION

### *Declaratory Relief*

### (Against Does 1 through 50)

92.    US Surfaces realleges and incorporates by reference paragraphs 1 through 63 above.

93.    US Surfaces is informed and believes, and on that basis alleges, that Does 1 through 50 dispute that US Surfaces is entitled to insurance coverage for the Underlying Lawsuits. Therefore, an actual and justiciable controversy exists between US Surfaces and Does 1 through 50 concerning the matters alleged herein. US Surfaces seeks a judicial declaration as to the duties and obligations of Does 1 through 50. A declaration is necessary at this time in order that the parties' dispute may be resolved and that they be aware of their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, US Surfaces prays for relief as follows:

### ON THE FIRST CAUSE OF ACTION

1.    For a declaration in accord with US Surfaces' contentions stated above;

### ON THE SECOND CAUSE OF ACTION

2.    For damages according to proof at the time of trial, plus interest;

### ON THE THIRD CAUSE OF ACTION

3.    For damages according to proof at the time of trial, plus interest;

17

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## <u>ON THE FOURTH CAUSE OF ACTION</u>

4.    For damages, including reasonable attorneys' fees plus interest, according to proof at the time of trial;

5.    For punitive damages in an amount to be determined at the time of trial;

## <u>ON THE FIFTH CAUSE OF ACTION</u>

6.    For a declaration in accord with US Surfaces' contentions stated above;

## <u>ON ALL CAUSES OF ACTION</u>

7.    For costs of suit herein; and

8.    For such other, further, and/or different relief as may be deemed just and proper

DATED: April 1, 2025                    McGuireWoods LLP

By: _____
    Shaun H. Crosner
    Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

Plaintiff Surface Warehouse, LP, doing business as US Surfaces ("US Surfaces"), hereby demands a trial by jury in this action.

DATED: April 1, 2025                              McGuireWoods LLP

By: _____
Shaun H. Crosner
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL**

# EXHIBIT A

| Case Name | Case Number | Venue |
|---|---|---|
| Kristian Ricardo Figueroa Lopez, et al. v. Architectural Surfaces Group, LLC, et al. | CGC-24-611712 | San Francisco Superior Court |
| Jesus Aguilar Salmeron v. AC Stone Group Pty Ltd., et al. | CGC-24-614256 | San Francisco Superior Court |
| Andres Alatorre Medina, et al. v. Antolini Luigi & C.S.P.A., et al. | 24STCV10216 | Los Angeles Superior Court |
| Hugo A. Casteneda Merida, et al. v. Agoura Hills Marble and Granite, Inc., et al. | 24STCV11894 | Los Angeles Superior Court |
| Jorge Estrella-Moreno, et al. v. All Natural Stone Burlingame, Inc., et al. | CGC-23-605643 | San Francisco Superior Court |
| Rafael Garcia-Guerra, et al. v. Antolini Luigi & C.S.P.A., et al. | CGC-23-611154 | San Francisco Superior Court |
| Mynor Lopez-Gonzalez, et al. v. Alpha Tile & Stone, Inc., et al. | 30-2023-01316441-CU-TT-CXC | Orange County Superior Court |
| Salvador Martizez, et al. successor in interest of Jose Martinez-Vasquez (deceased), et al. v. AAA Kitchen Bath Remodel, et al. | 30-2023-01359754-CU-TT- CXC | Orange County Superior Court |
| Jose Luis Martir-Navarro v. Alpha Tile & Stone, Inc., et al. | 30-2023-01370092-CU-TT-CXC | Orange County Superior Court |
| Guillermo Mora De Los Santos v. 1605578 Ontario Inc., et al. | 30-2024-01392209-CU-TT-CXC | Orange County Superior Court |
| Jeison Josue Ortega-Rabanales, et al. v. AKG Trading (USA), Inc., et al. | 30-2023-01367289-CU-TT-CXC | Orange County Superior Court |
| Dennys Rene Rivas-Williams v. A & A Granite Marble, et al. | 23STCV08523 | Los Angeles Superior Court |
| Leobardo Segura-Meza, et al. v. Agoura Hills Marble and Granite, Inc., et al. | 22STCV38729 | Los Angeles Superior Court |
| Jose Guadalupe Soto-Rodriguez, et al. v. AKG Trading (USA), Inc., et al. | 23STCV08440 | Los Angeles Superior Court |
| Alejandro Gonzalez-Castanon v. Alpha Tile and Stone, Inc., et al. | 30-2024-01374472-CU-TT-CXC | Orange County Superior Court |
| Arturo Montoya-Bautista, et al. v. Architectural Surfaces, Inc., et al. | 23STCV11727 | Los Angeles Superior Court |
| Jacob Boulware v. ABC Tile, Inc., et al. | CGC-24-614378 | San Francisco Superior Court |
| Esteban Samora Serrano v. Antolini Luigi & C. S.P.A., et al. | CGC-24-614333 | San Francisco Superior Court |
| Marlon Omar Martinez Avila, et al. v. Antolini Luigi & C. S.P.A., et al. | 30-2024-01396482-CU-TT-CXC | Orange County Superior Court |
| Charles Frank Evans v. Alicante Surfaces Pvt. Ltd, et al. | 24CV20629 | Circuit Court State of Oregon, County of Multnomah |
| J. Guadalupe Reyes-Cuevas, et al. v. Alpha Tile & Stone, Inc., et al. | 23STCV00260 | Los Angeles Superior Court |
| Jose Anibal Bustillo v. Antolini Luigi & C. S.P.A., et al. | CGC-24-614357 | San Francisco Superior Court |
| Fernando Valencia Cardenas, et al. v. All Natural Stone Burlingame, Inc., et al. | CGC-24-615696 | San Francisco Superior Court |
| Angel Gallegos-Botello, et al. v. Architectural Surfaces, Inc., et al. | 23STCV06368 | Los Angeles Superior Court |
| Oscar Alvarado Ortiz v. Architectural Surfaces, Inc., et al. | 23STCV06568 | Los Angeles Superior Court |
| Fernando Barajas-Salomon v. AKG Trading (USA), Inc. | 24STCV01615 | Los Angeles Superior Court |
| Jaime Blanco Maciel, et al. v. Alpha Tile and Stone, Inc., et al. | 23STCV12007 | Los Angeles Superior Court |
| Ernesto Figueroa, et al. v. Architectural Surfaces Group, LLC, et al. | 24STCV01658 | Los Angeles Superior Court |
| Evelin Liseth Gonzalez Rodriguez, et al. v. Architectural Surfaces Group, LLC, et al. | 23STCV29755 | Los Angeles Superior Court |

| Case Name | Case Number | Venue |
|---|---|---|
| Martin Melendez-Murillo, et al. v. AKG Trading (USA), Inc., et al. | 23STCV08596 | Los Angeles Superior Court |
| Jose Israel Menera-Servin, et al. v. 101 Granite Countertop LLC, et al. | 24STCV05591 | Los Angeles Superior Court |
| Rodolfo Garcia-Rosas, et al. v. Architectural Surfaces, Inc., et al. | 22STCV39957 | Los Angeles Superior Court |
| Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al. | 24STCV01477 | Los Angeles Superior Court |
| Wendy Viridiana Solano-Claustro, et al. v. ADB Global Trade, LLC, et al. | 23STCV11602 | Los Angeles Superior Court |
| Victor Gonzalez, et al. v. ADB Global Trade LLC, et al. | 21STCV06984 | Los Angeles Superior Court |
| Domingo Ojeda-Alverdin, et al. v. Agoura Hills Marble and Granite, Inc., et al. | 23STCV31679 | Los Angeles Superior Court |
| William Moz-Murcia v. Architectural Surfaces, Inc., et al. | 23STCV06384 | Los Angeles Superior Court |
| Juan Rodrigo Gonzalez-Morin v. Architectural Surfaces, Inc., et al. | 22STCV37000 | Los Angeles Superior Court |
| Fernando Bustos-Mondragon, et al. v. Antolini Luigi & C. S.P.A., et al. | 23STCV01424 | Los Angeles Superior Court |
| Adan Gomez-Rivera v. ADB Global Trade LLC, et al. | 23STCV01612 | Los Angeles Superior Court |
| Antonio Lopez Castillo v. Alicante Stone Inc., et al. | 24STCV17052 | Los Angeles Superior Court |
| Demetrio Luna-Reyes, et al. v. Architectural Surfaces, Inc., et al. | 23STCV00238 | Los Angeles Superior Court |
| Jose Manuel Dominguez Vallejo v. AMG Stone Inc., et al. | 30-2024-01412195-CU-TT-CXC | Orange County Superior Court |
| William Landa Verde v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV19012 | Los Angeles Superior Court |
| Fernando Antonio Acevedo v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV18847 | Los Angeles Superior Court |
| Daniel Morales Aguilar v. Alicante Surfaces Pvt. Ltd., et al. | 24STCV20124 | Los Angeles Superior Court |
| Luis Miguel Puentes Sanchez, et al. v. Aaroha Radiant Marble & Granite Slabs, et al. | 24STCV18692 | Los Angeles Superior Court |
| Elio Enai Esquivel Rivera, et al. v. 405 Cabinets, Inc., et al. | 30-2024-01413168-CU-TT-CXC | Orange County Superior Court |
| Pablo Antonio Rangel-Aguilar, et al. v. AMG Stone Inc., et al. | 24STCV19194 | Los Angeles Superior Court |
| Jesus Zarate Perez, et al. v. Antolini Luigi & C. S.P.A., et al. | 30-2024-01416500-CU-TT-CXC | Orange County Superior Court |
| Julio Gomez Carrero v. Architechtural Surfaces Group, LLC, et al. | 24STCV20969 | Los Angeles Superior Court |
| Jose Guadalupe Aguayo Castanon v. Antolini Luigi & C.S.P.A., et al. | 30-2024-01420443-CU-TT-CXC | Orange County Superior Court |
| Juan Sanchez Diaz v. Aaroha Radiant Marble & Granite Slabs, et al. | 24STCV21824 | Los Angeles Superior Court |
| Jose Gutierrez-Rivero v. Alicante Stone Inc., et al. | 24STCV21794 | Los Angeles Superior Court |
| Olegario Torres Orozco v. Antolini Luigi & C. S.P.A., et al. | 24STCV22677 | Los Angeles Superior Court |
| Jose Luis Rosales Soria v. Architectural Surfaces Group, LLC, et al. | 24STCV22918 | Los Angeles Superior Court |
| Tomas Blanco Maciel v. Abba Distributors, Inc. (dba Design Hardware), et al. | 24STCV23289 | Los Angeles Superior Court |
| Fernando Salmeron Reyes v. ASN Nautral Stone Inc., et al. | CGC-24-617927 | San Francisco Superior Court |

| Case Name | Case Number | Venue |
|---|---|---|
| Fabiola Salmeron Reyes v. Integrated Resources Group, Inc., et al. | CGC-24-617972 | San Francisco Superior Court |
| Martin Cardona-Alcarez v. Architechtural Surfaces Group, LLC, et al. | 24STCV23567 | Los Angeles Superior Court |
| Martin Angel De La Cruz Bazan v. Antolini Luigi & C. S.P.A., et al. | 24STCV24107 | Los Angeles Superior Court |
| Enrique Zarate Perez v. AC Stone Group Pty Ltd., et al. | 30-2024-01423007-CU-TT-CXC | Orange County Superior Court |
| Geradrdo Reyes v. AMG Stone Inc., et al. | 24STCV24490 | Los Angeles Superior Court |
| Didier Francisco Alvarez Soto v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV23021 | Los Angeles Superior Court |
| Abraham Vargas Manzano v. Architectural Surfaces Group, LLC, et al. | 24STCV25443 | Los Angeles Superior Court |
| Ismael Manzano Chavarria v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV25222 | Los Angeles Superior Court |
| Hugo Montoya Bautista v. Amg Stone Inc., et al. | 24STCV25416 | Los Angeles Superior Court |
| Eric Reyes-Barriga v. Angel of Stone, Inc. (fka Marble Unlimited, Inc), et al. | 24STCV25868 | Los Angeles Superior Court |
| Eleazar Resendiz Cortes v.  Antolini Luigi & C. S.P.A., et al. | 24STCV25458 | Los Angeles Superior Court |
| David Partida Rivas v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV26130 | Los Angeles Superior Court |
| Marvin Rivas-Williams v. Angel of Stone, Inc., et al. | 24STCV25592 | Los Angeles Superior Court |
| Roldolfo Hernandez Herrera v. Alicante Surfaces Pvt. LTD., et al. | 24STCV26071 | Los Angeles Superior Court |
| Edgardo Ivan Quintanilla Turcios v. Alicante Surfaces Pvt. LTD., et al | 24STCV25867 | Los Angeles Superior Court |
| Fernando Abrego Perez v. All Natural Stone Berkeley, Inc., et al. | CGC-24-619192 | San Francisco Superior Court |
| Lorenzo Quintero Ruiz v. Angel of Stone, Inc. (fka Marble Unlimited, Inc.), et al. | 24STCV24391 | Los Angeles Superior Court |
| Wilmer Eliser Ayala Hernandez v. Architectural Surfaces Group, LLC, et al. | 24STCV28216 | Los Angeles Superior Court |
| Javier Rojas Solorzano v. Anaheim Stone Works, Inc., et al. | 24STCV28667 | Los Angeles Superior Court |
| Luis Arturo Sanchez Magana v. Antolini Luigi & C. S.P.A., et al. | 24STCV28707 | Los Angeles Superior Court |
| Jesus Garcia Ruiz v. All Natural Stone Burlingame, Inc., et al. | CGC-24-619264 | San Francisco Superior Court |
| Jose Alberto Gonzalez-Quiroz v. Antolini Luigi & C. S.P.A., et al. | 24STCV28180 | Los Angeles Superior Court |
| Gerinson Reyes Gonzalez v. Antolini Luigi & C. S.P.A., et | 24STCV25604 | Los Angeles Superior Court |
| Alejandro Morales Sanchez v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 24STCV29059 | Los Angeles Superior Court |
| Jose Luis Luna Reyes v. Architectural Surfaces Group, LLC, et al. | 24STCV29521 | Los Angeles Superior Court |
| Uriel Salamanca Lopez v. All Natural Stone Burlingame, Inc., et al. | CGC-24-619618 | San Francisco Superior Court |
| Claudia Yesenia Lopez Matias De Esquivel v. A&A Granite & Quartz Countertops Inc., et al. | 30-2024-01435405-CU-TT-CXC | Orange County Superior Court |
| Mitchell D. Boulware v. ABC Tile, Inc., et al. | CGC-24-619253 | San Francisco Superior Court |
| Jose Hernan Solares v. Aaroha Radiant Marble & Granite Slabs, et al. | 30-2024-01436300-CU-TT-CXC | Orange County Superior Court |

| Case Name | Case Number | Venue |
|---|---|---|
| Edgar Andres Mendez Romero v. AC Stone Group PTY LTD., et al. | 24STCV30872 | Los Angeles Superior Court |
| Rodrigo Martinez  v. Architectural Surfaces Group, LLC, et al. | 30-2024-01439717-CU-TT-CXC | Orange County Superior Court |
| Jesus Ruben Garcia Olvera v. Antolini Luigi & C. S.P.A., et al. | 24STCV30982 | Los Angeles Superior Court |
| Adan Garcia Ortiz v. All Natural Stone Burlingame, Inc., et al. | CGC-24-620023 | San Francisco Superior Court |
| Bictor Reyes Anguiano v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 30-2024-01436094-CU-TT-CXC | Orange County Superior Court |
| Dennis Alexis Guillen Guzman  v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 24STCV31995 | Los Angeles Superior Court |
| David Olmedo Cruz v. A&A Granite & Quartz Countertops Inc., et al. | 24STCV31227 | Los Angeles Superior Court |
| Karapet Shlaryan v. Antolini Luigi & C. S.P.A., et al. | 24STCV30826 | Los Angeles Superior Court |
| Rodolfo Sosa v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al | 24STCV32291 | Los Angeles Superior Court |
| Jonatan Manzano-Galindo v. AKG Trading (USA), Inc., et al. | 24STCV33164 | Los Angeles Superior Court |
| Aramis Miguel Carmona Garizao vs. Aaroha Radiant Marble & Granite Slabs, et al. | 30-2024-01443735-CU-TT-CXC | Orange County Superior Court |
| Eligio Morales Sanchez v. Antolini Luigi & C. S.P.A., et al. | 24STCV32207 | Los Angeles Superior Court |
| Juan Francisco Abarca Vejar v. Antolini Luigi & C. S.P.A., et al. | 30-2024-01447403-CU-TT-CXC | Orange County Superior Court |
| Manuel De Jesus Turcios Arevalo v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 24STCV33716 | Los Angeles Superior Court |
| Gustavo Reyes-Gonzalez v. Aaroha Radiant Marble & Granite Slabs, et al. | 22STCV31907 | Los Angeles Superior Court |
| Jose Manuel Ruiz, et al. v. AC Stone Group PTY LTD., et al. | 24STCV25424 | Los Angeles Superior Court |
| Pedro Alamillo Santos v. A&A Granite & Quartz Countertops Inc, et al. | 25STCV03306 | Los Angeles Superior Court |
| Jose Francisco Andrade Pena v. All Natural Stone Burlingame, Inc., et al. | CGC-25-622393 | San Francisco Superior Court |
| Marco Antonio Bermudez Ruiz v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 25STCV04297 | Los Angeles Superior Court |
| Manuel De Jesus Cadena Turcios  v. Alicante Stone inc., et al | 25STCV03298 | Los Angeles Superior Court |
| Jose Manuel Dominguez Vallejo v. AMG Stone Inc. | 30-2024-01412195-CU-TT-CXC | Orange County Superior Court |
| Jose Estudillo Urrutia  v. Architectural Surfaces Group, LLC, et al. | 30-2025-01460607-CU-TT-CXC | Orange County Superior Court |
| Marco Vinicio Godinez-Gomez, et al.  v. Antolini Luigi & C. S.P.A., et al. | 25STCV01095 | Los Angeles Superior Court |
| Aldo Adrian Granados-Castro, et al. v. All Natural Stone Berkeley, Inc., et al. | CGC-25-622365 | San Francisco Superior Court |
| Diego Granadas Castro, et al. v. All Natural Stone Berkeley, Inc., et al. | CGC-25-622131 | San Francisco Superior Court |
| Jose Manuel Granadas Castro, et al. v. All Natural Stone Berkeley, Inc., et al. | CGC-25-622324 | San Francisco Superior Court |
| Esteban Hernandez Maravilla et al., v. Architectural Surfaces Group, LLC, et al. | 25STCV03837 | Los Angeles Superior Court |
| Isaias Maldonado Garcia, et al. v. Architectural Surfaces Group, LLC, et al. | 24STCV33688 | Los Angeles Superior Court |
| Ricardo Manzano Gomez, et al. v. Architectural Surfaces Group, LLC, et al. | 25STCV03892 | Los Angeles Superior Court |

| Case Name | Case Number | Venue |
|---|---|---|
| Filiberto Martinez-Rodriguez et al. v. AKG Trading (USA), Inc., et al. | 25STCV00980 | Los Angeles Superior Court |
| Andres Noe Meza, et al. v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 25STCV03500 | Los Angeles Superior Court |
| Carlos Fernando Polanco-Contreras, et al.  v. Antolini Luigi & C. S.P.A., et al. | 25STCV04011 | Los Angeles Superior Court |
| Jason Fazzinga v. Automatic Data Processing, Inc., A Delaware Corporation, et al. | 24STCV24931 | Los Angeles Superior Court |
| Rolando Sanchez Flores, et al. v. Antolini Luigi & C. S.P.A., et al. | 25STCV02748 | Los Angeles Superior Court |
| Juan Manuel Sandoval v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 25STCV03223 | Los Angeles Superior Court |
| Felipe Torres Hernandez v. Antolini Luigi & C. S.P.A., et al. | 25STCV04195 | Los Angeles Superior Court |
| Victor Torres Orozco, et al. v. Antolini Luigi & C. S.P.A., et al. | 25STCV02326 | Los Angeles Superior Court |
| Luis Alonso Turcios, et al. v. Angel Of Stone, Inc. (Fka Marble Unlimited, Inc.), et al. | 25STCV03744 | Los Angeles Superior Court |
| Alejandro Vazquez et al.  v. Architectural Surfaces Group, LLC, et al. | CGC-25-622389 | San Francisco Superior Court |
| Floriberto Vasquez et al.  v. Architectural Surfaces Group, LLC, et al. | CGC-25-622320 | San Francisco Superior Court |
| Marvin Norberto Ipina Ramos, et. al. v. Aaroha Radiant Marble & Granite Slabs, et. al. | 30-2025-01460497-CU-TT-CXC | Orange County Superior Court |
| Levi Dimas Gomez-Rodriguez v. Akg Trading (USA), INC., et. al. | 25STCV04388 | Los Angeles Superior Court |