1  CHET A. KRONENBERG (SBN: 222335)
   ckronenberg@stblaw.com
2  DYLAN MEIER (SBN: 334939)
   dylan.meier@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
4  Los Angeles, California 90067
   Telephone: (310) 407-7500
5  Facsimile: (310) 407-7502

6  *Attorneys for Defendants The Charter Oak*
   *Fire Insurance Company and The Travelers*
7  *Property Casualty Company of America*

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 SURFACE WAREHOUSE, LP,                  Case No.: 25STCV09497

12                    Plaintiff,           **DEFENDANTS' ANSWER TO**
                                           **PLAINTIFF'S COMPLAINT**
13          vs.

14 THE CHARTER OAK FIRE
   INSURANCE COMPANY;
15 TRAVELERS PROPERTY
   CASUALTY COMPANY OF
16 AMERICA; AMERICAN ECONOMY
   INSURANCE COMPANY; WEST
17 AMERICAN INSURANCE
   COMPANY; AMERICAN STATES
18 INSURANCE COMPANY; THE OHIO
   CASUALTY INSURANCE
19 COMPANY; AND DOES 1-50.

20                    Defendants.

21

22

23

24

25

26

27

28

Defendants The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (collectively, "Travelers") answering Plaintiff's Complaint for Declaratory Relief, Breach of Contract, Anticipatory Breach of Contract, and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (the "Complaint"), state as follows:

**NATURE OF THIS LAWSUIT**

1.     Travelers denies the allegations in the first sentence of paragraph 1, except admits that it issued certain general liability policies to Plaintiff and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning insurance policies allegedly issued to Plaintiff by American Economy Insurance Company, West American Insurance Company, American States Insurance Company and The Ohio Casualty Insurance Company (collectively, "Liberty Mutual"). Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 1, except admits that Plaintiff has been named as a defendant in various artificial stone silicosis lawsuits pending in California state courts, including Los Angeles.

2.     Travelers denies the allegations in paragraph 2, but is without knowledge or information sufficient to form a belief as to the truth of the allegations directed against Liberty Mutual.

3.     Paragraph 3 consists of Plaintiff's characterization of its purported claims and requests for relief, to which no response is required. To the extent a response is required, Travelers denies the allegations in paragraph 3, except admits that Plaintiff purports to bring an action against Defendants and seeks relief.

**THE PARTIES**

4.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     Travelers admits the allegations in paragraph 5.

DEFENDANTS' ANSWER TO COMPLAINT

6.      Travelers admits the allegations in paragraph 6.

7.      The allegations in paragraph 7 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      The allegations in paragraph 8 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      The allegations in paragraph 9 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     The allegations in paragraph 10 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Travelers admits the allegations in paragraph 11 directed against it. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 directed against Liberty Mutual.

12.     Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

**THE POLICIES**

13.     Travelers is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 13, except admits that it issued certain insurance policies to Plaintiff from March 27, 2021 to March 27, 2025.

14.    The allegations in paragraph 14 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    The allegations in paragraph 15 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.    The allegations in paragraph 16 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.    The allegations in paragraph 17 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.    The allegations in paragraph 18 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.    The allegations in paragraph 19 do not relate to Plaintiff's claims

against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.    The allegations in paragraph 20 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.    The allegations in paragraph 21 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.    The allegations in paragraph 22 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    The allegations in paragraph 23 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    The allegations in paragraph 24 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

24.

25.    The allegations in paragraph 25 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    The allegations in paragraph 26 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.    The allegations in paragraph 27 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    The allegations in paragraph 28 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    The allegations in paragraph 29 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.    The allegations in paragraph 30 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those

allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    The allegations in paragraph 31 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    The allegations in paragraph 32 do not relate to Plaintiff's claims against Travelers, and therefore, Travelers has no obligation to respond to those allegations.  To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.    Travelers denies the allegations in paragraph 33, except admits that the 2021-22 Policy contains a $1,000,000 Each Occurrence Limit, a $2,000,000 Products Completed Operations Aggregate Limit and a $2,000,000 General Aggregate Limit (except for injury or damage arising out of the products-completed operations hazard) and refers to the policy for a full and accurate rendition of its contents.

34.    Travelers denies the allegations in paragraph 34, except admits that the 2021-22 Umbrella Policy contains a $10,000,000 Occurrence Limit, a $10,000,000 General Aggregate Limit, a $10,000,000 Products Completed Operations Aggregate Limit and is subject to a $10,000 Self-Insured Retention, and refers to the policy for a full and accurate rendition of its contents.

35.    Travelers denies the allegations in paragraph 35, except admits that the 2022-23 Policy contains a $1,000,000 Each Occurrence Limit, a $2,000,000 Products Completed Operations Aggregate Limit and a $2,000,000 General Aggregate Limit (except for injury or damage arising out of the products-

completed operations hazard) and refers to the policy for a full and accurate rendition of its contents.

36.    Travelers denies the allegations in paragraph 36, except admits that the 2022-23 Umbrella Policy contains a $10,000,000 Occurrence Limit, a $10,000,000 General Aggregate Limit, a $10,000,000 Products Completed Operations Aggregate Limit and is subject to a $10,000 Self-Insured Retention, and refers to the policy for a full and accurate rendition of its contents.

37.    Travelers denies the allegations in paragraph 37, except admits that the 2023-24 Policy contains a $1,000,000 Each Occurrence Limit, a $2,000,000 Products Completed Operations Aggregate Limit and a $2,000,000 General Aggregate Limit (except for injury or damage arising out of the products-completed operations hazard) and refers to the policy for a full and accurate rendition of its contents.

38.    Travelers denies the allegations in paragraph 38 , except admits that the 2023-24 Umbrella Policy contains a $10,000,000 Occurrence Limit, a $10,000,000 General Aggregate Limit, a $10,000,000 Products Completed Operations Aggregate Limit and is subject to a $10,000 Self-Insured Retention, and refers to the policy for a full and accurate rendition of its contents.

39.    Travelers denies the allegations in paragraph 39, except admits that the 2024-25 Policy contains a $1,000,000 Each Occurrence Limit, a $2,000,000 Products Completed Operations Aggregate Limit and a $2,000,000 General Aggregate Limit (except for injury or damage arising out of the products-completed operations hazard) and refers to the policy for a full and accurate rendition of its contents.

40.    Travelers denies the allegations in paragraph 40, except admits that the 2024-25 Umbrella Policy contains a $10,000,000 Occurrence Limit, a $10,000,000 General Aggregate Limit, a $10,000,000 Products Completed Operations Aggregate Limit and is subject to a $10,000 Self-Insured Retention, and

refers to the policy for a full and accurate rendition of its contents.

41.     Travelers denies the allegations in Paragraph 41 directed to it, except admits that it issued certain insurance policies for certain periods of time to Plaintiff and refers to these policies for their precise terms and conditions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 directed to Liberty Mutual.

42.     Travelers denies the allegations in paragraph 42 directed to it, except admits that it issued certain insurance policies for certain periods of time to Plaintiff and refers to these policies for their precise terms and conditions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 directed to Liberty Mutual.

43.     Travelers denies the allegations in paragraph 43 directed to it, except admits that it issued certain insurance policies for certain periods of time to Plaintiff and refers to these policies for their precise terms and conditions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 directed to Liberty Mutual.

44.     Travelers denies the allegations in paragraph 44 directed to it, except admits that it issued certain insurance policies for certain periods of time to Plaintiff and refers to these policies for their precise terms and conditions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 directed to Liberty Mutual.

45.     Travelers denies the allegations in paragraph 45 directed to it, except admits that Plaintiff is an insured under certain policies issued by Travelers.

**THE UNDERLYING LAWSUITS**

46.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except admits that Plaintiff has been named as a defendant in various artificial stone silicosis lawsuits pending in California state courts, including Los Angeles, and refers to the underlying

complaints in these actions for the allegations therein.

47.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, except admits that Plaintiff has been named as a defendant in various artificial stone silicosis lawsuits pending in California state courts, including Los Angeles, and refers to the underlying complaints in these actions for the allegations therein.

48.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except admits that Plaintiff has been named as a defendant in various artificial stone silicosis lawsuits pending in California state courts, including Los Angeles, and refers to the underlying complaints in these actions for the allegations therein.

49.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except admits that Plaintiff settled the *Reyes-Gonzalez* Lawsuit and that Travelers contributed monies toward such settlement under relevant policies under a reservation of rights.

50.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, except admits that Plaintiff settled the *Solano-Claustro* Lawsuit and that Travelers contributed monies toward such settlement under relevant policies under a reservation of rights.

51.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, except admits that Plaintiff settled the *Garcia-Rosas* Lawsuit and that Travelers contributed monies toward such settlement under relevant policies under a reservation of rights.

52.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Because Plaintiff merely reserves its rights to seek insurance coverage for additional lawsuits that might be filed in the future in paragraph 53, Travelers has no obligation to respond to those allegations.  To the extent a response is

1  required, Travelers denies the allegations in paragraph 53.

2  <center>**THE INSURERS' BREACHES AND BAD FAITH CONDUCT**</center>

3  54.  The allegations in paragraph 54 constitute legal conclusions and legal

4  argument to which no response is required.  To the extent a response is required,

5  Travelers denies the allegations in paragraph 54.

6  55.  The allegations in paragraph 55 constitute legal conclusions and legal

7  argument to which no response is required.  To the extent a response is required

8  and paragraph 55 is directed to it, Travelers denies the allegations in paragraph 55

9  and refers the Court to the policies issued by Travelers for a full and accurate

10 rendition of their contents.  To the extent paragraph 55 is directed to other insurers,

11 Travelers is without knowledge or information sufficient to form a belief as to the

12 truth of the allegations in paragraph 55.

13 56.  Travelers denies the allegations in paragraph 56, except admits that

14 Plaintiff has sought coverage (defense and indemnity) for certain underlying

15 lawsuits from Travelers.

16 57.  Travelers admits the allegations in paragraph 57 directed against it.

17 To the extent paragraph 57 is directed to other insurers, Travelers is without

18 knowledge or information sufficient to form a belief as to the truth of the

19 allegations in paragraph 57.

20 58.  To the extent the allegations in paragraph 58 are directed against it,

21 Travelers denies the allegations in paragraph 58, except admits that it has reserved

22 rights and relied upon the "silica exclusion" in certain of its policies.  To the extent

23 paragraph 58 is directed to other insurers, Travelers is without knowledge or

24 information sufficient to form a belief as to the truth of the allegations in paragraph

25 58.

26 59.  Travelers denies the allegations in paragraph 59, except admits that it

27 sent Plaintiff letters on February 19, 2025 and March 25, 2025 and refers the Court

28 to those letters for a full and accurate rendition of their contents.

<center>DEFENDANTS' ANSWER TO COMPLAINT</center>

60.    The allegations in paragraph 60 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 60 and refers the Court to its February 19, 2025 and March 25, 2025 letters for a full and accurate rendition of their contents.

61.    The allegations in paragraph 61 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 61 except admits that none of the Underlying Lawsuits are pending in Texas.

62.    The allegations in paragraph 62 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 62 that are directed against it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 that are directed against other insurers.

63.    The allegations in paragraph 63 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 63.

**FIRST CAUSE OF ACTION**

64.    Travelers repeats and realleges its answers to paragraph 1 to 63 as through fully set forth herein.

65.    The allegations in paragraph 65 constitute a legal conclusion to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 65.

66.    The allegations in paragraph 66 constitute Plaintiff's legal contentions to which no response is required.  To the extent a response is required, Travelers denies the allegations in paragraph 66.

67.    The allegations in paragraph 67 constitute Plaintiff's legal contentions to which no response is required.  To the extent a response is required, Travelers

1    denies the allegations in paragraph 67.

2          68.    The allegations in paragraph 68 constitute Plaintiff's legal contentions

3    to which no response is required.  To the extent a response is required, Travelers

4    denies the allegations in paragraph 68.

5          69.    The allegations in paragraph 69 constitute Plaintiff's legal contentions

6    to which no response is required.  To the extent a response is required, Travelers

7    denies the allegations in paragraph 69 except admits that Travelers has reserved its

8    rights in certain respects and refers the Court to its February 19, 2025 and March

9    25, 2025 letters for a full and accurate rendition of their contents.

10          70.    Travelers denies the allegations in the first sentence of paragraph 70.

11    Travelers admits that Plaintiff seeks the relief alleged in the second sentence of

12    paragraph 70 but denies that Plaintiff is entitled to such relief.

13    <div align="center">**SECOND CAUSE OF ACTION**</div>

14          71.    Travelers repeats and realleges its answers to paragraph 1 to 70 as

15    through fully set forth herein.

16          72.    The allegations in paragraph 72 constitute Plaintiff's legal conclusions

17    to which no response is required.  To the extent a response is required, Travelers

18    denies the allegations in paragraph 72.

19          73.    The allegations in paragraph 73 constitute legal conclusions to which

20    no response is required.  To the extent a response is required, Travelers denies the

21    allegations in paragraph 73.

22          74.    Travelers denies the allegations in paragraph 74.

23          75.    Travelers denies the allegations in paragraph 75.

24    <div align="center">**THIRD CAUSE OF ACTION**</div>

25          76.    Travelers repeats and realleges its answers to paragraph 1 to 75 as

26    through fully set forth herein.

27          77.    The allegations in paragraph 77 constitute Plaintiff's legal contentions

28    to which no response is required.  To the extent a response is required, Travelers

1    denies the allegations in paragraph 77.

2    　　　　78.　　The allegations in paragraph 78 constitute Plaintiff's legal contentions

3    to which no response is required.  To the extent a response is required, Travelers

4    denies the allegations in paragraph 78 and refers the Court to its February 19, 2025

5    and March 25, 2025 letters for a full and accurate rendition of their contents.

6    　　　　79.　　The allegations in paragraph 79 constitute Plaintiff's legal contentions

7    to which no response is required.  To the extent a response is required, Travelers

8    denies the allegations in paragraph 79.

9    　　　　80.　　The allegations in paragraph 80 constitute Plaintiff's legal contentions

10    to which no response is required.  To the extent a response is required, Travelers

11    denies the allegations in paragraph 80.

12    　　　　81.　　Travelers denies the allegations in the first sentence of paragraph 81.

13    The second sentence of paragraph 81 states certain relief that may be sought by

14    Plaintiff for which no response is required.

15    　　　　　　　　　**FOURTH CAUSE OF ACTION**

16    　　　　82.　　Travelers repeats and realleges its answers to paragraph 1 to 81 as

17    through fully set forth herein.

18    　　　　83.　　The allegations in paragraph 83 constitute legal conclusions to which

19    no response is required.  To the extent a response is required, Travelers denies the

20    allegations in paragraph 83.

21    　　　　84.　　The allegations in paragraph 84 constitute legal conclusions to which

22    no response is required.  To the extent a response is required, Travelers denies the

23    allegations in paragraph 84.

24    　　　　85.　　The allegations in paragraph 85 constitute legal conclusions to which

25    no response is required.  To the extent a response is required, Travelers denies the

26    allegations in paragraph 85.

27    　　　　86.　　The allegations in paragraph 86 constitute Plaintiff's legal contentions

28    to which no response is required.  To the extent a response is required, Travelers

1    denies the allegations in paragraph 86.

2          87.    Travelers denies the allegations in paragraph 87.

3          88.    Travelers denies the allegations in paragraph 88.

4          89.    The allegations in paragraph 89 constitute Plaintiff's legal contentions

5    to which no response is required.  To the extent a response is required, Travelers

6    denies the allegations in paragraph 89.

7          90.    Travelers denies the allegations in paragraph 90.

8          91.    The allegations in paragraph 91 constitute Plaintiff's legal contentions

9    to which no response is required.  To the extent a response is required, Travelers

10    denies the allegations in paragraph 91.

11    <div align="center">**FIFTH CAUSE OF ACTION**</div>

12          92.    Travelers repeats and realleges its answers to paragraph 1 to 91 as

13    through fully set forth herein.

14          93.    Travelers lacks knowledge or information sufficient to form a belief as

15    to the truth of Plaintiffs allegations in paragraph 93, but admits that Plaintiff seeks

16    a judicial declaration as to the duties and obligations of Does 1 through 50.

17    <div align="center">**AFFIRMATIVE DEFENSES**</div>

18          94.    Travelers pleads the following as affirmative defenses to Plaintiff's

19    Complaint:

20    <div align="center">**FIRST AFFIRMATIVE DEFENSE**</div>

21    <div align="center">**(Failure to State a Cause of Action)**</div>

22          95.    The Complaint, and each and every purported cause of action and/or

23    legal theory alleged therein, fails to state facts sufficient to constitute a cause of

24    action or claim upon which relief can be granted against Travelers.

25    <div align="center">**SECOND AFFIRMATIVE DEFENSE**</div>

26    <div align="center">**(Policy Terms, Exclusions, Conditions and Limitations)**</div>

27          96.    Travelers has no obligations to Plaintiff to the extent coverage is

28    barred based upon the terms, exclusions, conditions and limitations contained in the

policies underlying Plaintiffs' allegations against Travelers (the "Policies").

### THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Underlying Policies)

97.    Plaintiff's claims are barred to the extent Plaintiff has not exhausted the underlying Policy limits.

### FOURTH AFFIRMATIVE DEFENSE

### (Non-Covered Entities)

98.    Plaintiff's claims are barred to the extent Plaintiff seeks recovery on behalf of any entity or entities that are not insured under the Policies.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hand)

99.    Travelers has no obligations to Plaintiff to the extent that Plaintiff has unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches, Waiver and/or Estoppel)

100.    Travelers has no obligations to Plaintiff to the extent that Plaintiff's claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

101.    Travelers has no obligations to Plaintiff to the extent Plaintiff's claims are barred by any applicable statute of limitation, including, without limitation, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343.

### EIGHTH AFFIRMATIVE DEFENSE

### (Limitations Period)

102.    Travelers is not liable for some or all of the losses claimed by Plaintiff to the extent that Plaintiff did not file this action within the two years following the date on which the direct physical loss or damage occurred as required under certain Policies of insurance under which Plaintiff has purported to sue.  Travelers has

complied with California Code of Regulations, title 10, § 2695.4(a) with respect to
the limitation period.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Terms of Policy)

103.   Travelers has no obligations to Plaintiff to the extent Plaintiff has
failed to comply fully with the terms of the Policies.

## TENTH AFFIRMATIVE DEFENSE

### (Limits of Liability)

104.   Travelers' obligations to Plaintiff, if any, are subject to the limits
contained in the Policies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Damage Not Within Policy Period)

105.   Travelers has no obligations to Plaintiff to the extent Plaintiff's claims
arise out of acts or omissions that occurred outside the effective period of each of
the respective Policies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Disclose Material Facts)

106.   Travelers has no obligations to Plaintiff to the extent Plaintiff failed to
disclose or otherwise misrepresented facts that were material to the risks
undertaken by Travelers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

107.   Travelers' obligations to Plaintiff, if any, are limited to the extent
Plaintiff failed to mitigate its damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Underlying Insurance)

108.   To the extent the Travelers Policies follow form to or otherwise
incorporate the terms, limitations, exclusions or other provisions of any underlying

1  insurance policy, and to the extent that Plaintiff's claims are not covered or are

2  excluded under the terms, limitations, exclusions or other provisions of such

3  underlying insurance policy, then such claims are also not covered or are excluded

4  under the Travelers' Polices.

5               **FIFTEENTH AFFIRMATIVE DEFENSE**

6                   **(No "Accident" or "Occurrence")**

7        109.   Travelers has no obligations to Plaintiff to the extent that Plaintiff's

8  underling liability did not result from an "accident" or "occurrence" as those terms

9  are used in the Policies.

10              **SIXTEENTH AFFIRMATIVE DEFENSE**

11                      **(Pollution Exclusion)**

12       110.   There is no coverage under the Policies for any of the underling claims

13  to the extent that they are barred by a pollution exclusion contained in the Policies

14  or in any of the policies to which the Travelers' Policies follow form.

15             **SEVENTEENTH AFFIRMATIVE DEFENSE**

16                       **(Silica Exclusion)**

17       111.   There is no coverage under the Policies for any of the underling claims

18  to the extent that they are barred by under the Silica Exclusion contained in the

19  Policies or in any of the policies to which the Travelers' Policies follow form.

20              **EIGHTEENTH AFFIRMATIVE DEFENSE**

21                          **(Ripeness)**

22       112.   Plaintiff's requests for declaratory relief and breach of contract are

23  barred, in whole or in part, to the extent the relief sought is not ripe for adjudication

24  and/or no actual controversy relating to the legal rights and duties of the respective

25  parties exists.

26              **NINETEENTH AFFIRMATIVE DEFENSE**

27                     **(Voluntary Payment)**

28       113.   Plaintiff's claims are barred in whole or in part by the voluntary

payments doctrine.  For example, certain Policies state: "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

### TWENTIETH AFFIRMATIVE DEFENSE
### (Duty to Cooperate)

114.   Plaintiff's claims are barred in whole or in part to the extent it failed to cooperate with Travelers in the claims.  For example, certain Policies state: "You and any other involved insured must: … [c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit'[.]"

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (California Insurance Code Sections 22, 250 and 353)

115.   Plaintiff's claims fail to the extent that the claims arise from the intentional, willful, fraudulent and/or unlawful acts of Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (California Insurance Code Section 533)

116.   California Insurance Code Section 533 prohibits insurers from indemnifying any insured for liability that results from willful conduct.  Plaintiff's claims against Travelers are barred to the extent that they result from willful conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Known Loss/Known Risk Doctrine)

117.   Coverage under the Policies is barred, in whole or in part, by the known loss, and/or known risk doctrines and/or related policy language.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Late Notice)

118.   Plaintiff's claims against Travelers fail to the extent that the insured failed to timely notify Travelers of any claimed loss under the terms of the Policies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

119.   Plaintiff's claims are barred in whole or in part to the extent that Plaintiff would be unjustly enriched if it were to recover any sum of money.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

120.   Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has consented to the acts, conduct or omissions that Plaintiff alleges caused or contributed to its alleged losses, damages and/or injuries.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

121.   To the extent coverage under Travelers' Policies is proven to exist for Plaintiff's alleged claims, which is expressly denied, Travelers is entitled to offset and recoup against any judgment that may be entered for Plaintiff or any recoveries Plaintiff may have already obtained from other sources, including, but not limited to, settlement with other insurers.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Punitive Damages – Violates Due Process)**

122.   Any award of punitive damages as sought by Plaintiff would violate the due process and excessive fines clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages – No Oppression, Fraud or Malice)**

123.   An award of punitive damages is barred because Plaintiff has not pled facts to show that Travelers' conduct constituted oppression, fraud or malice, nor is there clear and convincing evidence of such conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

124.   Plaintiff is not entitled to recover out-of-pocket expenses, attorneys' fees or costs, or claim expenses pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), or otherwise because, *inter alia*, Travelers has not engaged in any tortious conduct or acted in bad faith.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Incorporation of Defenses)

125.   Travelers hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendants such that Travelers may share in such defense or defenses.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses)

126.   Travelers currently has insufficient information upon which to allege the existence of additional, as yet unstated, affirmative defenses.  Travelers reserves the right to assert additional affirmative defenses based on what is disclosed in discovery.

                              *       *       *

WHEREFORE, Travelers pray for judgment as follows:

1.           That Plaintiff takes nothing by the Complaint;

2.           That the Complaint be dismissed in its entirety with prejudice;

3.           That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.           For costs of suit incurred herein, including reasonable attorneys' fees; and

5.           For such other and further relief as the Court deems just and proper.

1    Dated:  May 8, 2025                    SIMPSON THACHER & BARTLETT LLP

2

3                                           By:    /s Chet A. Kronenberg
                                                   Chet A. Kronenberg
4

5                                           *Attorneys for Defendants The Charter Oak
                                            Fire Insurance Company and The Travelers
6                                           Property Casualty Company of America*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO COMPLAINT