**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Lawrence A. Tabb (State Bar No. 141471)
  *l.tabb@musickpeeler.com*

**CHOATE HALL & STEWART, LLP**

Two International Place, 5th Floor
Boston, MA 02110
Telephone: (617) 248-2121
Facsimile: (857) 241-2121

Robert A. Kole *(Pro Hac Vice Application Forthcoming)*
  *rkole@choate.com*
Kevin Finnerty (P*ro Hac Vice Application Forthcoming*)
  *kfinnerty@choate.com*

Attorneys for Defendants
AMERICAN ECONOMY INSURANCE COMPANY;
WEST AMERICAN INSURANCE COMPANY;
AMERICAN STATES INSURANCE COMPANY; and
THE OHIO CASAULTY INSURANCE COMPANY
(collectively "LIBERTY")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURFACE WAREHOUSE , LP | Case No. 2:25-cv-03895 |
| Plaintiff, | |
| vs. | |
| THE CHARTER OAK FIRE INSURANCE COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; AMERICAN ECONOMY INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; THE OHIO CASUALTY INSURANCE COMPANY; and DOES 1-50. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMERICAN ECONOMY INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, AMERICAN STATES INSURANCE COMPANY AND THE OHIO CASUALTY INSURANCE COMPANY** |
| Defendants. | |

MUSICK, PEELER
& GARRETT LLP

3634756.1

Defendants American Economy Insurance Company, West American Insurance Company, American States Insurance Company and The Ohio Casualty Insurance Company (collectively, "Liberty") hereby provide their answer and affirmative defenses to the complaint (the "Complaint") of Plaintiff Surface Warehouse LP ("Plaintiff" or "Surface Warehouse").

## <u>NATURE OF THIS LAWSUIT</u>

1.     Liberty admits that it issued certain commercial general liability and umbrella liability insurance policies (the "Liberty Policies") to either Surface Warehouse, LP, or US Surface Warehouse, LP, which policies speak for themselves. Liberty further admits, upon information and belief, that Surface Warehouse has been named as a defendant in over 125 lawsuits alleging bodily injury resulting from plaintiffs' exposure to harmful substances contained in Surface Warehouse's products, including in particular silica (the "Silica Lawsuits"). Liberty further admits that most of the Silica Lawsuits against Surface Warehouse are pending in California state courts, including many in Los Angeles Superior Court. To the extent Paragraph 1 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations. Liberty denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Liberty denies the allegations contained in Paragraph 2 of the Complaint, to the extent they relate to Liberty. To the extent Paragraph 2 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

3.     Paragraph 3 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required. To the extent a response is required, Liberty denies the allegations contained in Paragraph 3 of the Complaint

to the extent they relate to Liberty. To the extent Paragraph 3 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

4.    Liberty admits, upon information and belief, that Surface Warehouse creates and distributes certain products, including quartz slabs. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 4 of the Complaint.

5.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 5 of the Complaint.

6.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 of the Complaint.

7.    Liberty admits the allegations contained in Paragraph 7 of the Complaint.

8.    Liberty admits the allegations contained in Paragraph 8 of the Complaint.

9.    Liberty admits the allegations contained in Paragraph 9 of the Complaint.

10.    Liberty admits the allegations contained in Paragraph 10 of the Complaint.

11.    Liberty admits the allegations contained in Paragraph 11 of the Complaint, to the extent they relate to Liberty. To the extent Paragraph 11 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

12.    Paragraph 12 of the Complaint states a legal conclusion or other non-

factual allegation as to which no response is required.

13.    Liberty admits that it issued primary and/or umbrella liability insurance policies to either Surface Warehouse, LP or US Surface Warehouse, LP, covering the period from September 11, 2011 through March 27, 2021, which policies speak for themselves.  To the extent Paragraph 13 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.  Liberty denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-1 to US Surface Warehouse, LP covering the period from September 1, 2011 to September 1, 2012, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

15.    Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-2 to Surface Warehouse, LP covering the period from September 1, 2012 to September 1, 2013, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

16.    Liberty denies the allegations contained in Paragraph 16 of the Complaint.  Further answering, Liberty states that American States Insurance Company issued Policy No. 01-SU-428748-10 to Surface Warehouse, LP covering the period from September 1, 2012 to September 1, 2013, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

17.    Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-3 to Surface Warehouse, LP covering the period from September 1, 2013 to September 1, 2014, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

18.    Liberty denies the allegations contained in Paragraph 18 of the Complaint.  Further answering, Liberty states that American States Insurance Company issued Policy No. 01-SU-428748-20 to Surface Warehouse, LP covering

the period from September 1, 2013 to September 1, 2014, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

19. Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-4 to Surface Warehouse, LP covering the period from September 1, 2014 to September 1, 2015, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

20. Liberty denies the allegations contained in Paragraph 20 of the Complaint. Further answering, Liberty states that American States Insurance Company issued Policy No. 01-SU-428748-30 to Surface Warehouse, LP covering the period from September 1, 2014 to September 1, 2015, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

21. Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-5 to Surface Warehouse, LP covering the period from September 1, 2015 to September 1, 2016, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

22. Liberty denies the allegations contained in Paragraph 22 of the Complaint. Further answering, Liberty states that American States Insurance Company issued Policy No. 01-SU-428748-40 to Surface Warehouse, LP covering the period from September 1, 2015 to September 1, 2016, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

23. Liberty denies the allegations contained in Paragraph 23 of the Complaint. Further answering, Liberty admits that American Economy Insurance Company issued Policy No. 02-CE-224117-6 to Surface Warehouse, LP covering the period from September 1, 2016 to September 1, 2017, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

24. Liberty admits that American States Insurance Company issued Policy No. 01-SU-428748-50 to Surface Warehouse, LP covering the period from September 1, 2016 to September 1, 2017, which policy speaks for itself. Liberty

refers to the policy for all of its terms and conditions.

25.    Liberty admits that West American Insurance Company issued Policy No. BKW (18) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2017 to September 1, 2018, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

26.    Liberty admits that The Ohio Casualty Insurance Company issued Policy No. USO (18) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2017 to September 1, 2018, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

27.    Liberty admits that West American Insurance Company issued Policy No. BKW (19) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2018 to September 1, 2019, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

28.    Liberty admits that The Ohio Casualty Insurance Company issued Policy No. USO (19) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2018 to September 1, 2019, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

29.    Liberty admits that West American Insurance Company issued Policy No. BKW (20) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2019 to September 1, 2020, which policy speaks for itself.  Liberty refers to the policy for all of its terms and conditions.

30.    Liberty admits that The Ohio Casualty Insurance Company issued Policy No. USO (20) 58-04-01-20 to Surface Warehouse, LP covering the period from September 1, 2019 to September 1, 2020, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

31.    Liberty admits that West American Insurance Company issued Policy No. BKW (21) 61-82-49-14 to Surface Warehouse, LP covering the period from September 1, 2020 to March 27, 2021, which policy speaks for itself.  Liberty refers

to the policy for all of its terms and conditions.

32. Liberty admits that The Ohio Casualty Insurance Company issued Policy No. USO (21) 61-82-49-14 to Surface Warehouse, LP covering the period from September 1, 2020 to March 27, 2021, which policy speaks for itself. Liberty refers to the policy for all of its terms and conditions.

33. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Complaint.

34. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 of the Complaint.

35. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the Complaint.

36. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint.

37. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 37 of the Complaint.

38. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 38 of the Complaint.

39. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 39 of the Complaint.

40. Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 40 of the

Complaint.

41.    Paragraph 41 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 41 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 41 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

42.    Paragraph 42 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 42 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 42 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

43.    Paragraph 43 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 43 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 43 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

44.    Paragraph 44 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 44 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 44 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or

1    information sufficient to form a belief as to the truth or accuracy of those allegations.

2        45.    Paragraph 45 of the Complaint states a legal conclusion or other non-

3    factual allegation to which no response is required.   To the extent a response is

4    required, Liberty denies the allegations contained in Paragraph 45 of the Complaint

5    to the extent they relate to Liberty, and refers to the language of each of the Liberty

6    Policies for its contents.   To the extent Paragraph 45 of the Complaint contains

7    allegations relating to insurers other than Liberty, Liberty is without knowledge or

8    information sufficient to form a belief as to the truth or accuracy of those allegations.

9

10                        **THE UNDERLYING LAWSUITS**

11        46.    Liberty admits, upon information and belief, that Surface Warehouse

12   has been named as a defendant in more than 125 lawsuits.   The complaints in the

13   Silica Lawsuits speak for themselves.   Liberty denies that Surface Warehouse

14   completely or accurately characterizes the allegations of those complaints in

15   Paragraph 46 of the Complaint.

16        47.    Liberty admits that Surface Warehouse has been named as a defendant

17   in the Silica Lawsuits.   The complaints in the Silica Lawsuits speak for themselves.

18   Liberty denies that Surface Warehouse completely or accurately characterizes the

19   allegations of those complaints in Paragraph 47 of the Complaint.   Liberty denies the

20   remaining allegations contained in Paragraph 47 of the Complaint, to the extent they

21   relate to Liberty.   To the extent Paragraph 47 of the Complaint contains allegations

22   relating to insurers other than Liberty, Liberty is without knowledge or information

23   sufficient to form a belief as to the truth or accuracy of those allegations.

24        48.    Liberty is without knowledge or information sufficient to form a belief

25   as to the truth or accuracy of the allegations contained in Paragraph 48 of the

26   Complaint.

27        49.    Liberty is without knowledge or information sufficient to form a belief

28   as to the truth or accuracy of the allegations contained in Paragraph 49 of the

Complaint.

50.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 50 of the Complaint.

51.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 51 of the Complaint.

52.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.

## **THE INSURERS' BREACHES AND BAD FAITH CONDUCT**

54.    Liberty denies the allegations contained in Paragraph 54 of the Complaint, to the extent they relate to Liberty.  To the extent Paragraph 54 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

55.    Paragraph 55 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 55 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 55 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

56.    Liberty denies the allegations contained in Paragraph 56 of the Complaint, to the extent they relate to Liberty.  To the extent Paragraph 56 of the

Complaint contains allegations relating to insurers other than Liberty, Liberty is
without knowledge or information sufficient to form a belief as to the truth or
accuracy of those allegations.

57.    Liberty admits that it has agreed to defend certain of the complaints in
the Silica Lawsuits under certain of the Liberty Policies, subject to a reservation of
rights. To the extent Paragraph 57 of the Complaint contains allegations relating to
insurers other than Liberty, Liberty is without knowledge or information sufficient
to form a belief as to the truth or accuracy of those allegations.

58.    Paragraph 58 of the Complaint states a legal conclusion or other non-
factual allegation to which no response is required.  To the extent a response is
required, Liberty denies the allegations contained in Paragraph 58 of the Complaint
to the extent they relate to Liberty, and refers to the language of each of the Liberty
Policies for its contents.  To the extent Paragraph 58 of the Complaint contains
allegations relating to insurers other than Liberty, Liberty is without knowledge or
information sufficient to form a belief as to the truth or accuracy of those allegations.

59.    Liberty is without knowledge or information sufficient to form a belief
as to the truth or accuracy of the allegations contained in Paragraph 59 of the
Complaint, which are not directed to Liberty.

60.    Liberty is without knowledge or information sufficient to form a belief
as to the truth or accuracy of the allegations contained in Paragraph 60 of the
Complaint, which are not directed to Liberty.

61.    Liberty is without knowledge or information sufficient to form a belief
as to the truth or accuracy of the allegations contained in Paragraph 61 of the
Complaint, which are not directed to Liberty.

62.    Paragraph 62 of the Complaint states a legal conclusion or other non-
factual allegation to which no response is required.  To the extent a response is
required, Liberty denies the allegations contained in Paragraph 62 of the Complaint
to the extent they relate to Liberty, and refers to the language of each of the Liberty

Policies for its contents.  To the extent Paragraph 62 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

63.    Paragraph 63 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 63 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 63 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

## FIRST CAUSE OF ACTION AGAINST ALL INSURERS

64.    Liberty incorporates by reference its responses to Paragraphs 1-63 of the Complaint as if fully set forth herein.

65.    Paragraph 65 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.

66.    Paragraph 66 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 66 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 66 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

67.    Paragraph 67 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 67 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 67 of the Complaint contains

allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

68.  Paragraph 68 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 68 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 68 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

69.  Paragraph 69 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.

70.  Paragraph 70 of the Complaint states a legal conclusion or other non-factual allegation to which no response is required.  To the extent a response is required, Liberty denies the allegations contained in Paragraph 70 of the Complaint to the extent they relate to Liberty, and refers to the language of each of the Liberty Policies for its contents.  To the extent Paragraph 70 of the Complaint contains allegations relating to insurers other than Liberty, Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations.

## SECOND CAUSE OF ACTION AGAINST TRAVELERS

71.  Liberty incorporates by reference its responses to Paragraphs 1-70 of the Complaint as if fully set forth herein.

72.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 72 of the Complaint, which are not directed to Liberty.

73.  Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 73 of the Complaint, which are not directed to Liberty.

74.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 74 of the Complaint, which are not directed to Liberty.

75.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 75 of the Complaint, which are not directed to Liberty.

## **THIRD CAUSE OF ACTION AGAINST TRAVELERS**

76.     Liberty incorporates by reference its responses to Paragraphs 1-75 of the Complaint as if fully set forth herein.

77.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 77 of the Complaint, which are not directed to Liberty.

78.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 78 of the Complaint, which are not directed to Liberty.

79.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 79 of the Complaint, which are not directed to Liberty.

80.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 80 of the Complaint, which are not directed to Liberty.

81.     Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 81 of the Complaint, which are not directed to Liberty.

## **FOURTH CAUSE OF ACTION AGAINST TRAVELERS**

82.     Liberty incorporates by reference its responses to Paragraphs 1-81 of

the Complaint as if fully set forth herein.

83.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 83 of the Complaint, which are not directed to Liberty.

84.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 84 of the Complaint, which are not directed to Liberty.

85.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 85 of the Complaint, which are not directed to Liberty.

86.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 86 of the Complaint, which are not directed to Liberty.

87.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 87 of the Complaint, which are not directed to Liberty.

88.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 88 of the Complaint, which are not directed to Liberty.

89.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 89 of the Complaint, which are not directed to Liberty.

90.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 90 of the Complaint, which are not directed to Liberty.

91.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 91 of the Complaint, which are not directed to Liberty.

## FIFTH CAUSE OF ACTION AGAINST JOHN DOES

92.    Liberty incorporates by reference its responses to Paragraphs 1-91 of the Complaint as if fully set forth herein.

93.    Liberty is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 93 of the Complaint, which are not directed to Liberty.

The prayer for relief states a legal conclusion or other non-factual allegations to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each and every claim for relief therein against Liberty fails to state a claim against Liberty upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Express Terms, Exclusions, Conditions, Definitions, Declarations, Endorsements and/or Limitations)

Plaintiff's causes of action against Liberty may be barred, in whole or in part, by the express terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations contained in the Liberty Policies.

## THIRD AFFIRMATIVE DEFENSE
### (No Coverage for Non-Covered Entities)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent that the Silica Lawsuits are asserted against entities that are not insureds under the Liberty Policies, or were not insureds under the Liberty Policies for some or all of the relevant period.

## FOURTH AFFIRMATIVE DEFENSE

### (No Occurrence)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits do not allege, and Surface Warehouse's liability cannot arise from, damages caused by one or more "occurrences" under the terms contained and/or incorporated by reference in the Liberty Policies.

## FIFTH AFFIRMATIVE DEFENSE

### (No "Bodily Injury")

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits do not allege "bodily injury" under the terms contained in the Liberty Policies.

## SIXTH AFFIRMATIVE DEFENSE

### (No "Damages")

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits do not seek amounts that Surface Warehouse is legally required or obligated to pay as "damages" because of "bodily injury" under the terms contained and/or incorporated by reference in the Liberty Policies.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Coverage Outside Covered Period)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits do not allege, and Surface Warehouse's liability cannot arise from, damages that took place during any policy period in which Liberty insured Surface Warehouse.

## EIGHTH AFFIRMATIVE DEFENSE

### (Silica Exclusion)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits involve liability arising in whole or in part out of the actual, threatened or suspected inhalation of, or ingestion of, silica or silica-related dust.

## NINTH AFFIRMATIVE DEFENSE

### (Pollution Exclusion)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits involve liability arising out of or related to the actual, alleged or threatened presence, discharge, dispersal, migration, release or escape of pollutants.

## TENTH AFFIRMATIVE DEFENSE

### (Designated Premises)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits involve liability that does not arise out of the ownership, maintenance or use of premises or projects that are identified in Liberty Policies containing an endorsement limiting coverage to designated premises or projects.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Coverage For Equitable Remedies)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits seek recovery of equitable and/or injunctive relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Insurance Code Sections 22, 250 and 533)

Coverage under the Liberty Policies may be barred, in whole or in part, to the

MUSICK, PEELER
& GARRETT LLP

3634756.1

ANSWER AND AFFIRMATIVE DEFENSES OF LIBERTY DEFENDANTS

extent California law applies and the Silica Lawsuits seek damages arising out of intentional, willful, fraudulent, and unlawful acts on the part of Surface Warehouse.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Civil Code Section 1668)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent California law applies and the Silica Lawsuits seek indemnification for fraud, willful conduct, or violations of law on the part of Surface Warehouse.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Expected or Intended Injury)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent the Silica Lawsuits seek damages for injuries that were expected or intended by Surface Warehouse.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Loss-in-Progress/Known Loss/Known Risk Doctrines)

Plaintiff's causes of action against Liberty may be barred, in whole or in part, to the extent the injuries caused and the damages sought in the Silica Lawsuits are barred by the loss-in-progress, known loss, and/or known risk doctrines.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Coverage for Fines, Penalties or Punitive Damages)

To the extent the alleged acts or failures to act that gave rise to the Silica Lawsuits violate any law, governmental regulation, or public policy, or to the extent Surface Warehouse seeks indemnity for fines, penalties, or punitive damages that have been or may be assessed against it, coverage may be barred, in whole or in part, under the Liberty Policies and by applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Late Notice)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse had notice of conditions, events, or damages at issue in the Silica Lawsuits and failed to give timely notice to Liberty in accordance with the terms of the Liberty Policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payments)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse voluntarily assumed any liability or obligation, made any payment, or incurred any expense without the consent of Liberty.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Stacking)

Any liability for which Liberty may have to indemnify Surface Warehouse must be allocated among all insurance policies triggered by the Silica Lawsuits on the basis that only one occurrence limit is available.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Other Insurance)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent insurance coverage other than the coverage allegedly provided under Liberty Policies is available to Surface Warehouse for the Silica Lawsuits.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contribution)

To the extent the sums allegedly incurred by Surface Warehouse are covered

by the Liberty Policies, other insurers may be obligated to pay the sums, reimburse Liberty for its payments, or contribute to Liberty's payments.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Allocation)

To the extent sums allegedly incurred by Surface Warehouse are covered by the Liberty Policies, such sums must be allocated to any and all periods of other insurance and self-insurance, including policy periods with deductibles or self-insured retentions, as well as to periods where no insurance was issued or where the relevant insurers are insolvent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Underlying Limits)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse cannot prove that any applicable underlying limits have been properly exhausted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Deductibles/Self-Insured Retention Limits)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse has not satisfied all applicable deductibles and/or self-insured retention limits.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Perform Policy Obligations)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse has failed to perform all of its obligations under the Liberty Policies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Pre-Tender Fees)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse seeks to recover pre-tender fees, costs, expenditures, or obligations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Non-Cooperation)

Coverage under the Liberty Policies may be barred, in whole or in part, to the extent Surface Warehouse has not cooperated with Liberty in its investigation, settlement, or defense of any purported "claim," "suit," "loss," "event" or "occurrence."

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's causes of action against Liberty and/or the damages Plaintiff seeks to recover from Liberty may be barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Limits)

To the extent coverage might otherwise exist, coverage under the Liberty Policies is limited by any applicable limits of liability contained therein, including but not limited to via application of a non-cumulation of liability limits endorsement.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Right to Amend)

To the extent the Complaint does not describe the events or claims alleged in it

1  with sufficient particularity to enable Liberty to determine what defenses may exist

2  to such events or claims, Liberty reserves the right to amend this answer, to assert

3  additional affirmative and other defenses, and to supplement, alter, or change this

4  answer and these defenses upon discovery and investigation in this matter.

5              **PRAYER FOR RELIEF**

6      WHEREFORE, Liberty prays for judgment as follows:

7      1.    That Plaintiff takes nothing by reason of its Complaint;

8      2.    Liberty be awarded its costs of suit incurred; and

9      3.    For such other and further relief as the Court deems just and proper.

10

11  DATED:  May 8, 2025              MUSICK, PEELER & GARRETT LLP

12

13

14                      By:      /s/ *Lawrence A. Tabb*
                            Lawrence A. Tabb
15

16                      CHOATE HALL & STEWART, LLP
                        Robert A. Kole *(Pro Hac Vice*
17                      *Forthcoming)*
                        Kevin Finnerty *(Pro Hac Vice*
18                      *Forthcoming)*
19

20                      Attorneys for AMERICAN ECONOMY
                        INSURANCE COMPANY; WEST
21                      AMERICAN INSURANCE COMPANY;
                        AMERICAN STATES INSURANCE
22                      COMPANY; and THE OHIO CASAULTY
                        INSURANCE COMPANY (collectively
23                      "LIBERTY")
24

25

26

27

28

**MUSICK, PEELER
& GARRETT LLP**

3634756.1                          22
              ANSWER AND AFFIRMATIVE DEFENSES OF LIBERTY DEFENDANTS

# CERTIFICATE OF SERVICE

**Surface Warehouse, LP v. The Charter Oak Fire Insurance Company, et al.**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, Suite 2900, Los Angeles, CA 90071-3048.

On May 8, 2025, I served true copies of the following document(s) described as ***ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMERICAN ECONOMY INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, AMERICAN STATES INSURANCE COMPANY AND THE OHIO CASUALTY INSURANCE COMPANY*** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☒       **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 8, 2025, at Los Angeles, California.

*/s/ Tamara A. Waters*
_____
Tamara A. Waters

MUSICK, PEELER
& GARRETT LLP

3634756.1