|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| ... | | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SURFACE WAREHOUSE, LP, <br><br> Plaintiff, <br><br> vs. <br><br> THE CHARTER OAK FIRE INSURANCE COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; AMERICAN ECONOMY INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; THE OHIO CASUALTY INSURANCE COMPANY; AND DOES 1-50. <br><br> Defendants. | Case No.: 2:25-cv-03895-MRA (MAAx) <br><br> Assigned to the Hon. Mónica Ramírez Almadani <br><br> **[PROPOSED] ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING SURFACE WAREHOUSE, LP'S REQUEST FOR JUDICIAL NOTICE** <br><br> Date: August 18, 2025 <br> Time: 1:30 p.m. <br> Place: Courtroom 9B <br><br> *[Filed concurrently with Opposition to Motion, Request for Judicial Notice, Declaration of Shaun Crosner, Declaration of Lee Wood]* <br><br> (On Removal from Los Angeles County Superior Court, Case No. 25STCV09497) |

**[PROPOSED] ORDER**

1  The motion for judgment on the pleadings filed by Defendants The Charter
2  Oak Fire Insurance Company and The Travelers Property Casualty Company of
3  America (together, "Travelers") came on for hearing on August 18, 2025, before the
4  Honorable Mónica Ramírez Almadani, in Courtroom 9B of the above-entitled
5  Court.  The matter having been fully argued and the motion and evidence submitted,
6  and it appearing to the Court that Travelers' motion is not well taken, the Court
7  orders as follows:

8  IT IS HEREBY ORDERED that Travelers' Motion for Judgment on the
9  Pleadings is DENIED.

10  In deciding Travelers' motion, the Court must accept Surface Warehouse's
11  factual allegations as true, and the Court must assume Travelers' contradictory
12  allegations are false.  *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955
13  (9th Cir. 2004).  Travelers' motion can be granted only if, viewing Surface
14  Warehouse's factual allegations in the light most favorable to Surface Warehouse,
15  Travelers proves it is entitled to judgment as a matter of law.  *See Herrera v.
16  Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

17  To obtain judgment on the pleadings, Travelers must establish that it owes no
18  duties under the Policies that it issued to Plaintiff Surface Warehouse, LP.  *Id.*
19  Consequently, to prevail, Travelers must negate its duty to defend—which is very
20  broad under California law.

21  Indeed, Travelers must defend an underlying lawsuit that is even **potentially**
22  covered by the Policies.  *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 295
23  (1993).  All that is required to trigger Travelers' defense duty is "a bare 'potential'
24  or 'possibility' of coverage."  *Id.* at 300.  "Any doubt as to whether the facts
25  establish the existence of the defense duty must be resolved in the insured's favor."
26  *Id.* at 299-300 (citations omitted).  "Imposition of an immediate duty to defend is
27  necessary to afford the insured what it is entitled to: the full protection of a defense
28  on its behalf []. California courts have been consistently solicitous of insureds'

2
[PROPOSED] ORDER

expectations on this score." *Id.* at 295-96. Moreover, if **any** allegation in a complaint is potentially covered, Travelers must defend the **entire** action. *See Horace Mann Ins. Co. v. Barbara B*, 4 Cal. 4th 1076, 1084 (1993).

Courts construe allegations in the underlying complaint liberally so that the duty to defend does not depend on inartful drafting by the underlying claimant. *See, e.g.*, *CNA Cas. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 609 (1986) ("[I]t is not the form or title of a cause of action that determines the carrier's duty to defend, but the potential liability suggested by the facts alleged or otherwise available to the insurer."); *see also Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 951 (9th Cir. 2002) ("remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty"). Thus, the only way Travelers can escape its duty to defend is if the Underlying Lawsuits "can by no conceivable theory raise a single issue which could bring it within the policy coverage." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 n.15 (1966).

Thus, to negate its defense duty, Travelers must show the complete and absolute absence of any possibility of coverage. *Montrose*, 6 Cal. 4th at 300.

In light of the governing authority and the evidence in the record, the Court concludes that Travelers has not carried its burden under Rule 12(c) of the Federal Rules of Civil Procedure.

In its motion, Travelers contends that a pair of exclusions in the Policies—the "Silica Exclusion" (which appears in only four Policies) and the "Pollution Exclusion"—bar coverage for more than 125 underlying product liability lawsuits (collectively, the "Underlying Lawsuits"). The Underlying Plaintiffs in these lawsuits are or were stone fabricators who allege that they suffered lung injuries while cutting, grinding, and installing stone slabs that had been created or distributed by Surface Warehouse. The Underlying Plaintiffs allege that while fabricating these stone slabs, they were exposed to silica, metals, volatile organic compounds (or "VOCs"), and other harmful substances in Surface Warehouse's

products.  Each of the Underlying Plaintiffs alleges that these exposures resulted in chronic lung conditions and caused them to develop pulmonary fibrosis, silicosis, and other lung diseases and ailments.

The Court concludes that neither the Silica Exclusion nor the Pollution Exclusion bars coverage for the Underlying Lawsuits.  With respect to the Silica Exclusion, although Travelers has employed broader exclusionary language in the past, the Silica Exclusion in the Policies issued to Surface Warehouse only bars coverage for alleged bodily injuries caused by silica or specks of dust containing silica particles.  The exclusion does not bar coverage for the Underlying Plaintiffs' alleged injuries caused by VOCs, which are gases—and, thus, by definition cannot be silica or particles containing silica.  Nor does it bar coverage for the Underlying Plaintiffs' alleged injuries from metal particles, which they contend caused them to develop fibrosis (i.e., scarring of lung tissue).  Because the Underlying Plaintiffs allege myriad lung injuries that are outside the scope of the Silica Exclusion, Travelers cannot negate its broad duty to defend and is not entitled to judgment on the pleadings.

In denying Travelers' motion for judgment on the pleadings with respect to the Silica Exclusion, the Court takes judicial notice of the information made publicly available by government entities and the well-known scientific facts included in Surface Warehouse's Request for Judicial Notice.  Under Federal Rule of Evidence 201(b), courts may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).  Such sources include information "made publicly available by government entities." *U.S. Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017).  Further, "well-known medical facts are the types of matters of which judicial notice may be taken." *See Barnces v. Indep. Auto. Dealers Ass'n of Cal. Health and Welfare Benefit Plan*, 64 F.3d 1389, 1935 n.2 (9th Cir. 1995) (quoting *Hines ex rel. Sevier v. Sec'y of the Dep't of Health & Human*

*Servs.*, 940 F.2d 1518, 1527 (Fed. Cir. 1991)).  The Court finds that it may take judicial notice of the information and facts included in Surface Warehouse' Request for Judicial Notice.

As for Travelers' reliance on the Pollution Exclusion in the Policies, it is misplaced.  For the Pollution Exclusion to apply, Travelers must prove that the Underlying Plaintiffs suffered injuries as a result of an environmental pollution event at a location owned, occupied, or rented by Surface Warehouse or one of its contractors or subcontractors.  Travelers fails to satisfy the exclusion's locational requirements, as it points to no evidence suggesting that any of the Underlying Plaintiffs' alleged injuries resulted from a release of pollutants at one of the locations referenced in the exclusion.  Consequently, Travelers is unable to rely on the Pollution Exclusion to negate or limit its duties under the Policies.  Regardless, even if Travelers had satisfied the locational requirement, binding California Supreme Court precedent limits pollution exclusions to traditional environmental pollution.  *See MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 652-53 (2003).  Under the test set forth in *MacKinnon*, the fact pattern alleged in the Underlying Lawsuits—i.e., bodily injuries allegedly sustained during the stone fabrication process, which takes place in small fabrication shops—simply cannot reasonably be characterized as traditional environmental pollution.  For this additional reason, Travelers is unable to rely on the Pollution Exclusion.  The Court also finds persuasive the fact that, prior to this litigation, Travelers never attempted to rely on the Pollution Exclusion prior to this litigation.  The parties' prior dealings, which serve as strong evidence of their mutual intent and understanding, further undercuts Travelers' reliance on the exclusion.

Finally, the Court is not persuaded by any of Travelers' other arguments regarding the viability of Surface Warehouse's claims for breach of contract, declaratory relief, anticipatory breach of contract, and tortious breach of the implied

1 | covenant of good faith and fair dealing.  The Court concludes that each of Travelers'
2 | claims in its operative complaint is viable.
3 |       Because Travelers has failed to demonstrate that it is entitled to judgment on
4 | the pleadings, its motion is denied.
5 |
6 | **IT IS SO ORDERED.**
7 |
8 | DATED: _____, 2025   By: _____
9 |                                          Honorable Mónica Ramírez Almadani
                                         United States District Court Judge